**AMERICAN KEY CORPORATION and Ron DeWeese, Plaintiffs,**

v.

**CUMBERLAND ASSOCIATES, Carter & Associates, Cole National Corporation, and Sears Roebuck & Company, Defendants.**

**Civ. A. No. C80–776A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 30, 1984.

John C. Butters, Atlanta, Ga., for plaintiffs.

Charles H. Ivy, William L. Bost, Jr., R. Peter Catlin, III, Scoggins, Ivy, Goodman, Weiss & Bost, Mark J. Levick, C. David Vaughan, Vaughan, Phears & Murphy, Atlanta, Ga., for defendants Cumberland Associates & Carter & Associates.

Emmet J. Bondurant, M. Jerome Elmore, Trotter, Bondurant, Miller & Hishon, Atlanta, Ga., Richard W. Pogue, Paul Michael Pohl, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendants Cole Nat. Corp.

Michael A. Doyle, Leah J. Sears-Collins, Alston, Miller & Gaines, Atlanta, Ga., John E. Lehrer, Sears, Roebuck & Co., Chicago, Ill., for defendants Sears Roebuck & Co.

### ORDER

FORRESTER, District Judge.

This action is before the court on plaintiffs' February 13 motion for a review of the bill of costs taxed against them and plaintiffs' February 21 motion for a review of the supplemental costs taxed against them by defendant Sears. Both motions are brought under Rule 54(d), Fed.R.Civ.P., which states in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs .... Costs may be taxed by the clerk on one day's notice. On motions served within five days thereafter, the action of the clerk may be reviewed by the court.

### I. PLAINTIFFS' FEBRUARY 13 MOTION FOR A REVIEW OF THE BILL OF COSTS.

■ Rule 54(d) requires that a motion to review costs taxed against the non-prevailing party be brought within five days. The record in this case discloses that on February 3, 1984 the clerk taxed costs in the amount of $1,442.27 against plaintiff in favor of defendant Sears and $1,847.25 against plaintiff in favor of defendant Cole. Plaintiffs' motion to review these costs was not filed until February 13, 1984, more than five days after the costs were taxed. Plaintiffs' motion is therefore untimely and could be denied on that basis. *See Delaware Valley Marine Supply Co. v. American Tobacco Co.,* 199 F.Supp. 560 (E.D.Pa. 1960). However, the timeliness requirement is not jurisdictional, and the court may in its discretion consider the tardy motion pursuant to Rule 6(b), Fed.R.Civ.P. *Baum v. United States,* 432 F.2d 85, 86 (5th Cir.1970); *United States v. Kolesar,* 313 F.2d 835, 837 n. 1 (5th Cir.1963). The court will therefore consider the merits of plaintiffs' motion.

■ Plaintiffs' motion for review of the costs taxed against them in favor of defendants Cole and Sears asserts no specific objections to any particular item charged. Plaintiffs do not argue that defendant is not legally entitled to recover all or any portion of the costs charged. In-

stead, plaintiffs' objection is simply a generalized complaint that the amount charged is "unreasonably large in view of all the circumstances of the case." Simply put, plaintiffs find it unfair that a losing plaintiff of limited financial resources should be required to reimburse a prevailing defendant of great financial resources for some of the costs of the action where plaintiff brought and prosecuted the action in good faith. Certainly the trial court has discretion to disallow or reduce the costs allowed to the prevailing party when the parties are unevenly matched in size and resources and where the losing party conducted the litigation in good faith. *See County of Suffolk v. Secretary of Interior*, 76 F.R.D. 469 (E.D.N.Y.), *rev'd on other grounds*, 562 F.2d 1368 (2d Cir.1977), *cert. denied*, 434 U.S. 1064, 98 S.Ct. 1238, 55 L.Ed.2d 764 (1978); Rule 54(d), Fed.R.Civ.P. However, the court does not find that the circumstances of this case warrant a disallowance or reduction of the costs taxed to plaintiffs. The court recognizes that plaintiffs have limited financial resources and that the defendants are large corporations with great financial resources. The court also assumes, without deciding, that the action may have been brought in good faith, although some of the circumstances recited in this court's order granting summary judgment might indicate otherwise. *See American Key Corp. v. Cumberland Associates*, 579 F.Supp. 1245 (N.D.Ga.1983). However, plaintiffs filed this action more than three years ago seeking more than $100 million in damages. All of the defendants incurred enormous expenses, the overwhelming majority of which are not recoverable under the American system, in defending this action. After more than two years of discovery this court granted summary judgment on plaintiffs' claims finding that plaintiffs had failed to adduce any significant probative evidence to support their allegations. Despite the enormous costs they had incurred, defendants sought recovery from plaintiffs for less than $3,300 in costs.

It is an easy thing to file a lawsuit. For less than $100 an individual can engage the great machinery of the federal court system and can require large corporations to come defend themselves. If he prevails he may recover damages. If he loses he is required only to reimburse the defendant certain enumerated costs. The prevailing defendant may not ordinarily recover its attorney's fees, which are often the major part of its expenses. Thus, large, complex cases such as securities and antitrust cases where enormous damages are sought have large settlement values. Simply put, it is cheaper to pay off even a meritless claim than to incur the attorney's fees of a protracted, complex lawsuit. Given the minimal risk a plaintiff incurs in filing an antitrust lawsuit and the large potential recovery to be won, it is not surprising that there is a potential for the filing of vexatious "strike" suits. This potential is only increased when courts further reduce the risks associated with filing the suit by reducing or disallowing the costs allowed to the prevailing defendant.

When all is said and done the court does not find that the costs billed by the prevailing defendants in this case were unreasonable or excessive. Having engaged the machinery of the judicial system for the past four years and compelled defendants to spend vast sums in defending themselves against claims in excess of $100 million, plaintiffs should now bear at least some of the expense. Finding no unfairness or impropriety in the amounts taxed to plaintiffs, the court hereby DENIES plaintiffs' February 13 motion for review of costs.

## II. PLAINTIFFS' FEBRUARY 21 MOTION FOR REVIEW OF SUPPLEMENTAL COSTS TAXED AGAINST PLAINTIFFS.

■ By this motion plaintiffs ask the court to review supplemental costs taxed by the clerk on February 13, 1984 on behalf of defendant Sears. This motion was filed February 21, 1984 and is therefore untimely. However, for the reasons given in Part I, *supra*, the court will exercise its discretion to rule on plaintiffs' motion. Defendant Sears' supplemental bill of costs seeks

reimbursement of $2,658.37 for costs associated with the copying of papers "necessarily obtained for use in the case." Defendant Sears also seeks reimbursement of $45 which represents the cost of one-quarter of the transcription of a meeting of creditors in American Key's bankruptcy proceedings on July 22, 1981. Defendant has argued that the transcript of the meeting of creditors was obtained by Sears "because Mr. DeWeese gave testimony at this meeting that would have been useful to impugn Mr. DeWeese's credibility if this case had gone to trial." Plaintiffs have not contested this item. It is therefore allowed. *See Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62, 63 (N.D. Ga.1981).

Plaintiffs have objected to the remainder of the supplemental costs on two grounds. First, plaintiffs raise the same arguments of inequity and unfairness that they raised in their objections to defendants' original bill of costs. These arguments are rejected for the reasons given in Part I, *supra.* Plaintiffs' second argument against the charge for duplicating costs is that such charges are not allowable unless the copies are necessarily obtained for use in the case. Plaintiffs argue that defendant Sears has not shown that these duplicating costs are for papers necessarily obtained for use in the case and that therefore they are not reimburseable.

Plaintiffs are correct that 28 U.S.C. § 1920(4) only allows reimbursement for "fees for exemplification and copies of papers necessarily obtained for use in the case." Where copies are made for the mere convenience of the attorneys they are ordinarily not reimbursable. *See Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 722–23 (N.D.Ill. 1982). The test is not whether or not the copies were actually introduced into evidence but whether they were necessarily obtained for use in the case. Defendant Sears has given a breakdown of how it arrived at the figure of $2,658.37, but it has not shown how the papers involved were necessary for use in the case. The invoices and other records give no clue as to what papers were copied and who possessed the originals. If defendant had the originals and the copies were merely for the convenience of the attorneys, then the costs would not be taxable. If, however, the originals were possessed by plaintiffs or were on file with the court or other independent agency, then the costs were properly taxable. *See United States v. Kolesar,* 313 F.2d 835, 839–40 (5th Cir.1963). If the originals were in the possession of one of the codefendants, the cost of preparing copies for this defendant's use might also be taxable given some showing of need. As a practical matter in large, complex antitrust cases where literally thousands of documents are involved, an attorney must have access to a complete file and cannot be expected to travel from place to place to examine documents which are necessary for use in the case. The assembling of a complete file of the documents is a practical necessity for adequate trial preparation. This does not mean that every scrap of paper which an attorney chooses to copy and place in the file is taxable. It simply means that where the papers themselves are necessary for trial preparation the cost of copying them is generally going to be taxable unless that party also has the originals. *Cf. George R. Hall, Inc. v. Superior Trucking Co.,* 532 F.Supp. 985 (N.D.Ga. 1982) (costs for copies of depositions not recoverable where party has the original).

Having expressed those legal conclusions about the recoverability of copying costs, the court finds that defendant has not offered any evidence to show the nature of the documents for which it seeks recovery or how they were used or intended to be used in the case. The mere recitation with talismanic regularity of the phrase "necessarily obtained for use in the case" is not sufficient to overcome plaintiffs' objections. Some further showing is necessary. Defendant having failed to come forward with any showing as to the nature of the documents copied or of how they were necessary for use in the case, the charge of $2,658.37 for duplicating expenses is disallowed.

### III. CONCLUSION.

The total costs taxable against plaintiffs in favor of defendant Cole shall be the $1,847.25 taxed by the clerk on February 3, 1984. The total costs taxable against plaintiffs in favor of defendant Sears shall be $1,487.27, representing the full amount taxed on February 3, 1984 plus the $45 cost for the transcript taxed on February 13, 1984.

In sum, plaintiffs' February 13 motion for review of costs is DENIED. Plaintiffs' February 21 motion for review of supplemental costs is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 27th day of April, 1984.