FULTON FEDERAL SAVINGS & LOAN
ASSOCIATION OF ATLANTA, et
al., Plaintiffs,

v.

AMERICAN INSURANCE COMPANY,
Defendant.

Civ. A. No. 1:86–CV–0107–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 6, 1991.

Edwin Jay Schklar; and Emory A. Schwall, Schwall & Ruff, Atlanta, Ga., for plaintiffs.

James Alexander Porter, Porter & Doster, Atlanta, Ga., for defendant and third-party plaintiff.

Thomas L. McLain, Wasson, Sours & Harris, Atlanta, Ga., for third-party defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on defendant American Insurance Company's (American) motion to re-tax costs and plaintiff Fulton Federal Savings & Loan Association of Atlanta's (Fulton Federal) motion for leave to file a supplemental brief. Third-party defendants Edmund D. Rowe, Jr. and Olympic Construction, Inc. (Olympic), have joined American Insurance Company's objections.

## I. FACTS

In November of 1983, Fulton Federal agreed to provide Foundation Land Developments, Inc. (Foundation), with financing for a construction project. Third-party defendant Olympic was the general contractor for the project. Defendant American was the surety for Olympic. Alleging that Olympic defaulted on the project, Fulton Federal foreclosed against Foundation and took possession of the property. Fulton Federal then filed this action against American, seeking damages of $2.3 million for completion costs, diminution in value, lost profits, future liability for latent building defects, and bad faith penalties. American filed a third-party complaint against Olympic and its president, Edmund D. Rowe, Jr. These third-party defendants cross-claimed against Fulton Federal, which in turn counterclaimed against them. Foundation was later joined as a plaintiff.

The case was tried before a special master. Plaintiff Fulton Federal was awarded $2,443,928.00 against defendant American, including pre-judgment interest. However, Fulton Federal took nothing on its claims for bad faith penalties and attorney's fees against American. American recovered the full amount of the judgment from the third-party defendants. The third-party defendants took nothing on their counterclaims against Fulton Federal. Costs in the amount of $69,883.30 were taxed against defendant American. Defendant filed objections to the bill of costs and followed with a motion to re-tax costs.

## II. MOTION TO RE-TAX COSTS

Federal Rule of Civil Procedure 54(d) provides "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." A case must be examined as a whole to determine who is the prevailing party. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir.1983). "A party need not prevail on all issues to justify an award of costs." *Id.; see also United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir.1978). The standards for determining whether a party is entitled to an award of costs under Rule 54(d) are the same for determining whether a party is "prevailing" under 42 USC § 1988. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d at 132; *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). A plaintiff is a prevailing party under 42 USC § 1988 when he succeeds on "any significant issue in litigation which achieve[d] some of the benefit the party sought in bringing the suit." *Texas Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)); *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. In the case *sub judice* plaintiff recovered on its breach of bond claim against defendant but did not recover on its claim for bad faith and attorney's fees. However, the breach of bond claim was clearly the significant issue and plaintiff's recovery on that claim was the primary benefit plaintiff sought in bringing suit. The court finds that Fulton Federal is a prevailing party entitled to recover costs from defendant.

Rule 54(d) does not give district judges "unrestrained discretion to tax costs to reimburse a litigant for every expense

he has seen fit to incur in the conduct of his case." *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). In *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* the Supreme Court held that district courts are limited by the list of items set forth in § 1920 and other related statutes. 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). The discretion given by Rule 54(d) "is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id.,* at 442, 107 S.Ct. at 2498; *Parkes v. Hall,* 906 F.2d 658, 659 (11th Cir.1990) (§ 1920 limits costs that may be awarded under Rule 54(d)).

In *Farmer v. Arabian American Oil Co.,* the Court had previously stated that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." 379 U.S. at 235, 85 S.Ct. at 416. In *Crawford,* the Court specifically disapproved of that statement as inconsistent with its holding that the district court had no discretion to tax costs beyond those enumerated by § 1920. 482 U.S. at 443, 107 S.Ct. at 2498.

Despite the broad language in *Crawford,* the lower courts have largely ignored its application other than in questions regarding awards of witness fees. *See e.g., Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority,* 133 F.R.D. 481, 485 (E.D.La.1990) (recognizing that while "[t]here is no statutory authorization for taxing the costs of charts, models and photographs," such costs are taxable if there is pre-trial authorization.) Some courts even continue to rely on the language in *Farmer* that *Crawford* specifically disapproved. *See, e.g., Phillips v. Cameron Tool Corp.,* 131 F.R.D. 151, 154 (S.D.Ind. 1990). However, this court believes that the broad applicability of *Crawford* is clearly set forth in the recent case of *West Virginia Univ. Hosps., Inc. v. Casey:*

> In *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 [107 S.Ct. 2494, 96 L.Ed.2d 385] (1987), we held that these provisions define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further.... *Crawford* plainly requires as a prerequisite to reimbursement, the identification of "explicit statutory authorization."

—— U.S. ——, ——, 111 S.Ct. 1138, 1140–41, 113 L.Ed.2d 68 (1991).

Cases prior to *Crawford* had allowed the taxing of costs for items not enumerated in § 1920 when the items were necessarily obtained for use in the case and when the party incurring the expense sought pretrial approval. *See, e.g., Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F.2d 128 (5th Cir.1983); *Johns–Manville Corp. v. Cement Asbestos Products Co.,* 428 F.2d 1381, 1385 (5th Cir.1970) (disallowance of expenses of charts, models and photographs where no prior approval by the trial court). After *Crawford,* the primary inquiry must be whether a claimed expense is encompassed by § 1920 or some other specific statute. If not, the court need not consider whether the items were necessarily obtained or whether pretrial approval for incurring the expense was sought. *See Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 644 (7th Cir.1991) (under *Crawford,* § 1920 defines costs taxable under Rule 54(d) but courts are free to interpret meaning of phrases in that section).

### A. *Special Master's Fee*

■ Defendant objects to the inclusion of $23,465.60 which represents the portion of the special master's fee paid by Fulton Federal during the course of the trial. Defendant argues that Fulton Federal is not a prevailing party so as to justify taxing the entire fee against defendant. Defendant further argues that reference to a special master was necessary only because Fulton Federal "made a complete mess of this case" and that Fulton Federal consented to bearing one-half of the special master's fee in consideration for defendant's withdrawal of its Rule 11 motion against plaintiff. It is true that after it saw the pretrial order the court was moved to consider whether this case might be best handled by a special master because of the way in which Fulton Federal seemed to have its case put togeth-

er. The case was referred to a special master because the court believed the complexity of the proofs involved in the case were beyond the ken of the ordinary jury—not because it believed that Fulton Federal's attorney was guilty of any misconduct *per se;* the court does not recall that it was called upon to rule on that and the issue was never decided. Pursuant to the court's direction, the parties prepared a consent agreement selecting a special master and setting forth the conditions of reference. That order, as approved by the court, provided that Fulton Federal and American Insurance would each pay one-half of the master's fees and expenses on a monthly basis. The order also specifically provided, "[t]his court shall retain the authority to tax costs, including a reallocation of the fees and expenses of the special master."

Defendant admits that assessment of the master's fees and expenses lies within the court's discretion. Rule 53(a) states that compensation of a special master shall be fixed by the court and charged upon such of the parties as the court may direct. *See Gary W. v. State of Louisiana,* 601 F.2d 240 (5th Cir.1979) (court has discretion to tax losing party with full share of special master's fee); *Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316, 1323–24 (5th Cir.1978), *rev'd on other grounds by Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir.1983); *Studiengesellschaft,* 713 F.2d at 134. The court has determined that Fulton Federal is the prevailing party in this litigation. Absent a determination that Fulton Federal unnecessarily multiplied the proceedings, the court sees no reason to depart from the custom of having the master's fees paid by the losing party.

### B. *Deposition Transcripts*

The bill of costs includes $25,465.65 for transcripts, plaintiff's share of deposition costs, and copies of depositions. Defendant objects to the taxation of these costs on grounds that plaintiff seeks reimbursement for the cost of all depositions taken in the case, including depositions of plaintiff's own witnesses and plaintiff's counsel. However, plaintiff did not depose any of its own witnesses. Rather, plaintiff seeks reimbursement for copies of depositions of its own witnesses that were taken by defendant.

■ Under § 1920, deposition expenses are properly taxed if the deposition was "necessarily obtained for use in the case." *See United States v. Kolesar,* 313 F.2d 835 (5th Cir.1963). "[A] deposition taken within the proper bounds of discovery ... will normally be deemed to be 'necessarily obtained for use in the case,' and its cost will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *George R. Hall, Inc. v. Superior Trucking Co., Inc.,* 532 F.Supp. 985, 994 (N.D.Ga.1982) (quoting *Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62 (N.D.Ga.1981)). A deposition need not be used at trial but must appear reasonably necessary at the time it is taken. *Allen v. United States Steel Corp.,* 665 F.2d 689 (5th Cir.1982); *O'Donnell v. Georgia Osteopathic Hospital, Inc.,* 99 F.R.D. 578, 581 (N.D.Ga.1983). However, deposition costs incurred merely for the convenience of a party or a party's attorney, for purposes of investigation, or simply to aid a party in thorough preparation are not taxable.

■ Expenses for copies of depositions taken by the prevailing party are not normally recoverable. *Jamison v. Cooper,* 111 F.R.D. 350, 351 (N.D.Ga.1986); *George R. Hall, Inc.,* 532 F.Supp. at 995. However, when the party files the original transcript in its possession with the court at the opposing party's request, rather than in support of its own motion or presentation of the case, charges for copies are taxable if the deposition is used extensively in preparation for and at trial. *Id.* Charges for a copy of a deposition taken by an opponent are recoverable. *United States v. Kolesar,* 313 F.2d 835; *Jeffries,* 90 F.R.D. at 64.

Defendant argues that a number of depositions taken by plaintiff were merely fishing expeditions to discover defendant's procedures and decision-making processes in handling insurance claims. Defendant contends that such information was irrelevant

to plaintiff's bad faith claim. *See Interstate Life and Accident Co. v. Williams*, 220 Ga. 323, 138 S.E.2d 668 (1964) and *Lett v. State Farm Fire & Cas. Co.*, 115 F.R.D. 501, 503–04 (N.D.Ga.1987), holding that bad faith claims turn on the facts of a particular dispute—not the general procedures followed by an insurer.

■ Defendant has raised specific objections to charges for a number of depositions of persons who had no knowledge of the underlying dispute. Plaintiffs counter that these depositions were necessary to determine whether the persons in fact had such knowledge. The court agrees with defendant that plaintiff should have used interrogatories or other methods to determine who had relevant knowledge instead of unnecessarily compounding the expenses of litigation. Plaintiff has failed to counter defendant's argument that these depositions were taken for purposes of investigation and to aid in preparation of the case. Accordingly, costs for the following depositions will not be taxed: Brenda Pollard; Gary Kirk, William Johnson and Robert Blackburn; Lori Buchanan, Charles McAuley, Donald Nowacki and Albert Garofalo; Robert Lutrell and Michael Paul; Dennis Reding and Charles Meeker; William Frank, Jr.; George Thomas and N. Douglas Martin, Jr.; William Frank, Jr. and Brenda Dickson. Plaintiff's share of these costs in the amount of $2,809.25 is disallowed. Defendant has also made specific objection to taxing of costs of the following depositions: Ann M. Rowe and Don E. Germano; Shelly Morse McWilliams; Donald E. Loveless; Gerald Bachelor; James F. Means, Sr.; Lawrence E. Joyner; William B. Hutcheson; and Larry Upthegrove. Plaintiff's one-half share of these costs in the amount of $2,036.90 is disallowed.[1]

The court has determined that the following items are taxable as charges for one copy of depositions taken by defendant:

| Name | Cost |
|---|---|
| Fred Estes | $ 88.00 |
| Emory A. Schwall | 220.00 |
| Lowell H. Hughen, John G. Parker, and Edwin Schklar | 264.10 |
| Donald J. Goodman | 123.50 |
| C. Paul Henry | 62.70 |
| Randal A. Enterkin | 88.40 |
| Robert Power, Jr. (Vol. 1) | 193.80 |
| Robert Power, Jr. (Vol. 2) | 56.10 |
| Joe Pollard (Vol. 1) | 243.60 |
| Joe Pollard (Vol. 2) and C.H. "Red" Emmert | 189.30 |
| James Scott | 160.20 |
| Lewis A. Bacon | 229.10 |
| Richard Troop | 57.35 |
| **TOTAL** | **$1976.15** |

■ Plaintiff may not recover charges for more than one copy of depositions taken by defendant. Therefore, the charge of $144.50 for copies of the deposition of C. Paul Henry is disallowed. Plaintiff also may not recover the cost of copies of depositions plaintiff took if the originals were not filed with the court at defendant's request. The record does not show any request for filing depositions by defendant.

■ Plaintiff states that the costs of depositions plaintiff took include the cost of the sealed original and one copy. A number of these depositions were taken subject to a cost-sharing agreement between defendant and plaintiff. Regardless of any such agreement, plaintiff may only tax the cost of one copy of depositions taken by defendant and the cost of one original of depositions taken by plaintiff. Because the costs for copies and originals are not listed separately, the court will not tax the claimed cost for the following depositions: B.G. Craton; Carl Coleman; Edmund D. Rowe, Jr.; Ronald H. Pearce; Ray Glaze; Jack Lynch; John Perry; Robert Padgett; Donald E. Loveless; John Edward Moultrie; Larry Ruff; William Harden; Paul Muldawer; Bobby Swaim; William W. Howell; Harry L. Griffin; Marvin

---

1. Plaintiff's invoices grouped the costs of some of the above depositions with the costs of other depositions that will be allowed. The costs were allocated among the allowed and disallowed items in proportion to the page length of the grouped depositions. The costs of the following depositions were estimated: Ann M. Rowe and Don E. Germano ($377.30); Gerald Bachelor ($68.60); Lawrence E. Joyner ($308.70); and William B. Hutcheson ($882.00). Plaintiff sought to tax its one-half share of these costs.

B. Cohen; Donald Boyken; Mark Holcomb; Fred M. Seidell; Richard Yelvington; W. Hayes Hoobler; R.O. Reed; Roy P. Frangiamore; Burline Schieffelin; Charles F. Glanzman; Michael Pollard; David N. Markey; Earl Jackson; Henry H. Smith; A.W. Hutcheson; Rendell Pike; and James O'Kon. Plaintiff may renew its request for deposition costs for these depositions by filing a supplemental statement with the court showing for each deponent (1) on whose behalf the deposition was taken, (2) whether the other party requested that the original be filed with the court, (3) a breakdown of the charges by original and copy for each deponent, (4) the amount of each charge paid by plaintiff.

The court has already allowed the cost of a copy of the depositions of Henry Joe Pollard, Lewis A. Bacon, Richard Troop, James Scott, and C.H. "Red" Emmert. No further costs will be allowed for these depositions.

■ The bill of costs also contains charges for transcripts of court proceedings. Plaintiff lists a charge in the amount of $75 for an original transcript of the pretrial conference held on August 4, 1989. Plaintiff also includes a charge of $39 for a copy of the transcript of the proceedings on October 4, 1989. These items will be allowed. Plaintiff lists an expense of $28 for a transcript and copy of the court proceedings on November 24, 1986. This cost is disallowed because the court cannot determine what portion of the charge was for the original and what portion was for the copy. Plaintiff may renew its request by filing a supplemental statement showing the charge for the original alone.

■ Defendant objects to the taxing of $172.20 for copies of designated deposition testimony provided to the special master by plaintiff. Although plaintiff included these items under § 1920(4) as copies of papers necessarily obtained for use in the case, the court believes these copies should be treated as additional copies of deposition transcripts. Under *Jamison,* the expense of copying deposition transcripts taken by the prevailing party is not recoverable. 111 F.R.D. at 351. The court also notes that

the copies were submitted in support of plaintiff's motion, not at defendant's request. The eight deponents were listed as witnesses by plaintiff in the pretrial order. Defendant notes that only two of the depositions were offered into evidence and that plaintiff's counsel read portions of those depositions into the record. The court has already found that the Kirk, Blackburn, Buchanan, Meeker, Thomas, and Frank depositions were not necessarily obtained for use in the case. The total expense for copies of these deposition transcripts is disallowed.

B. *Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case*

1. Climate Data Demonstrative Evidence

■ Defendant objects to the taxing of the costs of certified climate records from the United States Government. The records were not admitted into evidence at the hearing after defendant stipulated to a summary of testimony to be given by plaintiff's expert witness regarding the records. Before the hearing, defendant had maintained that weather conditions made timely completion of the construction project impossible. Defendant abandoned this argument only after discovering that plaintiff's expert would testify that the record showed that the weather during the applicable period was better than average. An award for the expense of these exemplified records would normally be appropriate under § 1920(4).

However, these same climate records were included in the record of an earlier arbitration proceeding that predated the filing of this action. The record of that proceeding was made a part of the record in this case. It is not clear whether plaintiff is attempting to tax the costs incurred in obtaining these records for use in the arbitration proceeding or if they obtained a second set of records for this proceeding. In either instance, the expense would be unnecessary because the documents were already in the record. The charge of $656 is disallowed.

## 2. Photographs and Copies Used as Trial Exhibits

■ Defendant objects to the taxing of $7,071.80 for photographs and copies, arguing that the expense of such items is not taxable without pretrial authorization from the court. Defendant also objects to the cost of the extra set of copies as made only for convenience of counsel. Finally, defendant states that the photos used at trial were actually prepared for use in the earlier arbitration proceeding. Plaintiff's only response to defendant's contentions is that the photographs were "perhaps the most important evidence in the trial" and were used by witnesses and both parties.

Some circuits construe § 1920(4) as permitting an award for expenses of preparing maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials. *See, e.g., E.E.O.C. v. Kenosha Unified School Dist.*, 620 F.2d 1220, 1226 (7th Cir. 1980). However, the law governing the taxing of costs for photographs in this circuit was established by the old Fifth Circuit case of *Johns–Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381, 1385 (5th Cir.1970).[2] The court held that because § 1920 does not provide for taxing the cost of charts, models and photographs, such costs may not be taxed without prior approval by the trial court.

Courts in this district have followed the reasoning of *Johns–Manville* and have focused on the necessity of the items and on whether the prevailing party sought pretrial approval to allow the expense. *See United States v. Ernst & Whinney*, 557 F.Supp. 1152, 1156 (N.D.Ga.1983) (admission into evidence is a good indicator of necessity); *Jamison v. Cooper*, 111 F.R.D. at 352–53 (diagram of accident and photographs of scene were admitted into evidence and helped jury understand relevant facts). However, these cases were decided before the Supreme Court's opinion in *Crawford*. Thus, the approach in *Ernst & Whinney* and *Jamison* is no longer appropriate. This court is bound by the ruling in

*Johns–Manville* that models, charts and photographs are not encompassed by the statute. 428 F.2d at 1385.

Even if such evidence were encompassed by § 1920, plaintiff's extra copy was not necessary but obtained only for plaintiff's convenience. Plaintiff failed to provide separate itemization of the cost for the originals and copies of the photos. Plaintiff also failed to specify which photographs were used during the trial and whether any of them were admitted into evidence. The expense of $7,071.80 is disallowed.

## 3. Photocopies

■ Plaintiff seeks reimbursement for $4,990.00 for the expense of professional copying of documents obtained in discovery. Defendant claims that plaintiff is seeking recovery for all documents photocopied during the case, not just those reasonably necessary for use. Defendant states that plaintiff copied many documents without even inspecting them first and that only a small percentage of the documents were ever used in the case. Plaintiff replies that the documents photocopied were used in the trial of the case and that most were accounting documents necessary to prove Fulton Federal's damages.

■ A prevailing party may be reimbursed for the cost of photocopying attributable to discovery if the charges are for "copies of pleadings, correspondence, and other documents tendered to the [opposing party]." *Fressell v. AT & T Technologies, Inc.*, 103 F.R.D. 111, 115 (N.D.Ga.1984). Charges for copies of exhibits and documents filed in support of motions, as well as copies of pleadings, memoranda and motions themselves, are also recoverable. *Id.*, at 116. However, charges for copies of original documents possessed by the prevailing party are not taxable. *American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496, 499 (N.D.Ga.1984). Charges for extra copies and for documents prepared for convenience, preparation, re-

---

**2.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent in this circuit unless overruled by the Eleventh Circuit *en banc. Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

search, or for the records of counsel are not taxable. *Fressell*, 103 F.R.D. at 116.

█ Plaintiff has admitted that a high percentage of the copies were of plaintiff's own records. When a party fails to respond to the objections to a bill of costs by coming forward with evidence showing the nature of the documents copied and how they were used or intended for use in the case, the court may disallow the costs. *American Key Corp.*, 102 F.R.D. at 499. Plaintiff's unsubstantiated claim that the charges are for documents "necessarily obtained" is insufficient to overcome defendant's objection. The amount of $4,990.00 is disallowed. However, plaintiff may renew its request for these costs by filing a supplemental statement breaking down the claimed expenses by type of document. Plaintiff should also show which party was in possession of the originals and why each type of document was necessary for use in the case.

### 4. Copies of Trial Exhibits

█ Plaintiff seeks to tax the costs of two copies of its trial exhibits, one of which was provided to the special master while the other was kept in the office of plaintiff's counsel. Clearly, plaintiff may not recover the expense of copying the exhibits for plaintiff's counsel's convenience. *Fressell*, 103 F.R.D. at 116. However, as noted above, charges for copies of original documents filed with the court are taxable. *American Key*, 102 F.R.D. at 499; *Fressell*, 103 F.R.D. at 116. Fulton Federal has indicated that many of its exhibits were copies of originals in its possession. Although plaintiff retained the originals and filed copies with the court, the taxable expense is the same. Plaintiff may recover the expense of copying exhibits provided for the special master. The court will disallow one-half ($2,950.70) of the $5,901.41 requested for the two copies of plaintiff's exhibits.

### 5. Demonstrative Exhibits

█ Plaintiff seeks to tax $182.21 for the expense of "demonstrative exhibits at trial." This evidence was not identified in the bill of costs. Plaintiff now states that the evidence was charts and models used during the trial but fails to provide any more specificity or to indicate whether the items were admitted into evidence. To the extent charts and models serve to summarize evidence, they are not taxable. *Jamison*, 111 F.R.D. at 353. Furthermore, the expense of demonstrative evidence is not encompassed by § 1920 and is, therefore, no longer taxable under *Crawford*. See *Johns–Manville Corp.*, 428 F.2d at 1385.

### C. Other Costs

The court will tax other costs not objected to by defendant as they are set forth in the bill of costs.

### D. Motion for Leave

Plaintiff's motion for leave to file a supplemental brief in response to defendant's reply brief is DENIED. The issues raised therein have been adequately briefed and are not relevant to disposition of defendant's motion to re-tax costs.

### III. CONCLUSION

Defendant's motion to re-tax costs is GRANTED IN PART and DENIED IN PART. The Clerk of Court is DIRECTED to tax only the following costs against defendant:

| Items | Amount |
| --- | --- |
| Fees of the Clerk | $ 60.00 |
| Fees for service of summons and subpoenas | 318.01 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 2,090.15 |
| Fees for witnesses | 861.68 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 3,683.45 |
| Other costs (special master's fee) | 23,465.60 |
| TOTAL | $30,478.89 |

Plaintiff's motion for leave to file a supplemental brief is DENIED. Plaintiff is GRANTED leave to file a supplemental

statement renewing plaintiff's request to tax costs. This is not an invitation to re-argue the merits of defendant's objections. Plaintiff's statement must be limited to providing the documentation required by this order. Any such statement must be filed within ten (10) days of the entry of this order. Defendant shall have ten days to respond.

SO ORDERED.