Dan BERAHA, M.D., Plaintiff,

v.

C.R. BARD, INC., B & K Medical A/S and B & K Medical Systems Inc., Defendants.

Civ. A. No. 1:88–CV–2823–JTC.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 28, 1994.

Thomas C. Harney, Mary Lillian Walker, Kilpatrick & Cody, Atlanta, GA, Keith V. Rockey, Rockey Rifkin & Ryther, Chicago, IL, pro hac vice, for plaintiff.

Anthony B. Askew, Larry A. Roberts, Jones & Askew, Atlanta, GA, for C.R. Bard, Inc.

Frank Garrett Smith, III, Randall Lee Allen, Alston & Bird, Emmet J. Bondurant, II, Laura L. Hauck, Bondurant Mixson & Elmore, Atlanta, GA, Robert H. Norris, Boyd MacCrellish & Wheeler, Boston, MA, Nickolas A. Pandiscio, Pandiscio & Pandiscio, Waltham, MA, Garrick F. Cole, Smith Duggan & Johnson, Boston, MA, pro hac vice, for Bruel & Kjaer.

Frank Garrett Smith, III, Randall Lee Allen, Alston & Bird, Emmet J. Bondurant, II, Laura L. Hauck, Bondurant Mixson & Elmore, Atlanta, GA, Robert H. Norris, Daniel Kim, Boyd MacCrellish & Wheeler, Garrick F. Cole, Smith Duggan & Johnson, Boston, MA, pro hac vice, for Bruel & Kjaer Instruments, Inc.

Frank Garrett Smith, III, Randall Lee Allen, Alston & Bird, Emmet J. Bondurant, II, Laura L. Hauck, Bondurant Mixson & Elmore, Atlanta, GA, for Bruel & Kjaer Industri A/S.

Frank Garrett Smith, III, Randall Lee Allen, Alston & Bird, Emmet J. Bondurant, II, Laura L. Hauck, Bondurant Mixson & Elmore, Atlanta, GA, for Bruel & Kjaer Eksport A/S.

### *ORDER OF THE COURT*

CAMP, District Judge.

This action is before the Court on the B & K Defendants' Motion for Judgment on Special Interrogatory No. 2 [# 174], which is **DENIED** as moot; Plaintiff's Motion for Injunction [# 175], which is **DENIED**; Plaintiff's Motion to Amend Judgment [# 176], which is **DENIED**; Plaintiff's Motion for Judgment as a Matter of Law on Inducement [# 177], which is **DENIED**; Defendant Bard's Renewed Motion for Judgment as a Matter of Law on Special Interrogatory No. 2 [# 178], which is **DENIED** as moot; and Plaintiff's Objections to Bill of Costs [# 188], which are **GRANTED** in part and **DENIED** in part.

### I. *BACKGROUND*

Plaintiff brought this action claiming infringement of U.S. Patent No. 4,600,014 and seeking both monetary damages and injunctive relief. Plaintiff contended that B & K ultrasound probes and the Bard Biopty or Monopty Gun, when used together, infringe claims 1 and 2 of the Beraha patent. Fur-

ther, Plaintiff claimed that Defendants actively induced others to infringe. Defendants denied infringing Plaintiff's patent and pleaded the affirmative defense of invalidity. Defendants later filed a declaratory judgment counterclaim asking the Court to find the '014 patent invalid and not infringed. The Court bifurcated damages for later trial.

### A. *The Jury Verdict*

After six days of testimony and the introduction of over 800 exhibits, the jury found that:

1. The accused combination does not literally infringe claim 1 of the Beraha patent;

2. The accused combination *does* perform substantially the same function in substantially the same way to achieve substantially the same result as that described in claim 1 [Special Interrogatory No. 2];

3. The accused combination *does not* perform substantially the same function in substantially the same way to achieve substantially the same result as that described in claim 2;

4. Neither Bard nor B & K induced infringement of the Beraha patent;

5. Neither claim 1 nor claim 2 of the '014 patent is invalid.

*See* Special Interrogatory Verdict Form [# 172].

### B. *Legal Standard*

Rule 50(b) permits a party to renew after trial a motion for judgment as a matter of law when there is no legally sufficient evidentiary basis to support the jury's finding. The Federal Circuit has determined the standard for reviewing a jury's verdict in an infringement case:

> To overturn a jury verdict, the party against whom the verdict was rendered must satisfy either prong of the following standard:
>
> [1] that the jury's findings [of disputed material factual issues], presumed or express, are not supported by substantial evidence or,

> [2] if they were, that the legal conclusion(s) implied from the jury's verdict cannot in law be supported by those findings.

*Read Corp. v. Portec, Inc.*, 970 F.2d 816, 821 (Fed.Cir.1992) (parentheticals in original) (citations omitted).

In this case, the parties focus their arguments on the substantial evidence prong, although they also address issues relating to claim interpretation.

### C. *Claim Construction*

■ Claim interpretation is a question of law. *Id.* at 822 (citing cases). "Where the Court's interpretation is not set forth in its instructions to the jury, the Court must perform its role of deciding this issue of law in ruling on the JNOV motion." *Id.* at 822–23 (footnote omitted) (citing *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1550 (Fed.Cir. 1983)). To properly interpret the scope of a patent claim, the Court looks to "the language of the claim, and the patent's specification and prosecution history." *Id.* at 823.

■ Although this case involved conflicting expert testimony on interpreting the patent claims, the jury's finding that the accused combination does not literally infringe Plaintiff's patent is not inconsistent with the Court's construction of the claim terms. As used in the '014 patent:

1. "Cannula" means a tube with a cutting edge;

2. "Stylet" means a sharp needle with a notch in the end for tissue sampling;

3. "Guide tube" means a tube attached to a handle which guides the tip of a needle to the desired location and prevents overpenetration of the needle;

4. "Handle" means a structure formed to fit the operator's hand to which the guide tube is fixedly attached and the proximal end of the cannula is slidably attached;

5. "Push knob" means a knob attached to the end of the stylet and located at the end of the handle that when pushed advances the stylet forward.

## II. POST–TRIAL ISSUES IN CONTEXT

Both Defendants moved for judgment as a matter of law with respect to the jury's determination in Special Interrogatory No. 2. As further discussed below, that interrogatory implicates the doctrine of equivalents and its tripartite function/way/result test. Defendants argue that there was insufficient evidentiary foundation to support the jury's finding that the accused combination performs the same function in the same way to achieve the same result as the patented device. A related issue concerns whether the jury's decision on the factual issue of equivalence is sufficient to cause the Court to invoke its equitable power. As important as they are, these two questions assume much greater significance when considered in light of Plaintiff's motion for judgment as a matter of law on the inducement claim.

Plaintiff conceded during trial that neither Bard's nor B & K's device, standing alone, infringes the '014 patent. *See* Plaintiff's Memorandum in Support of Injunction [# 175], p. 2; Plaintiff's Memorandum in Support of Motion for Judgment [# 177], p. 2. To impose liability on Bard and B & K, Plaintiff relied instead on 35 U.S.C. § 271(b), which provides: "Whoever actively induces infringement of a patent shall be liable as an infringer." Plaintiff's suit ultimately failed when the jury found that Defendants did not induce infringement of the Beraha patent. If the Court on post-trial motion determines that the jury's inducement verdict cannot stand, then the legal effect of the jury's equivalency finding in Special Interrogatory No. 2 becomes critical. Without adequate proof of inducement, however, no liability attaches to the Defendants in this action.

## III. INDUCEMENT AND LITERAL INFRINGEMENT

■ Plaintiff moved for a Rule 50 judgment on the issues of (1) literal infringement of claim 1, and (2) inducement to infringe by each Defendant.[1] Alternatively, Plaintiff seeks a new trial limited to the question of inducement. The motion is based on Plaintiff's belief that there is no legally sufficient evidentiary foundation for a reasonable jury to find for Defendants on these two issues. *See* Fed.R.Civ.P. 50(a), (b).

Plaintiff's contention that there is insufficient evidence to support the jury's verdict on the literal infringement claim seems to ignore the abundance of expert testimony adduced at trial. Specifically, Dr. Cooner, Dr. Holm, and Mr. Lipscomb all testified to the lack of literal infringement. The jury had ample evidence from which to decide whether the accused combination literally satisfies each and every limitation of the claim. There is, therefore, a legally sufficient evidentiary basis to support the jury's finding of no literal infringement. The motion as to literal infringement is **DENIED**.

■ Plaintiff's argument on inducement presents a closer question. Plaintiff introduced at trial evidence that the accused devices are used *together* to take prostate biopsies. Plaintiff's trial exhibit 22, for example, is a promotional brochure whose cover shows a doctor's gloved hands holding a B & K transducer and a Bard Biopty needle positioned together. The legend reads: "Transrectal Biopsy System," followed by "A safe, simple, accurate and consistent method to biopsy the prostate." *See* PTX 22, attached as Exh. C to Plaintiff's Brief [# 177]. Similarly, Defendants' trial exhibit 441, attached as Exhibit D, shows the Bard device used together with various B & K ultrasound probes to conduct a biopsy of the prostate. Further, Dr. Beraha testified that the two Defendant manufacturers instructed him to use the devices together when he purchased their equipment. Based on this evidence, Plaintiff argues "the jury was just wrong in finding [no] inducement." Plaintiff's Brief [# 177], p. 13.

Defendant Bard responds that these trial exhibits were published without Bard's knowledge or consent, a fact entitling the jury to disregard Plaintiff's inducement evidence. Defendant B & K says that the

---

1. *See* Plaintiff's Memorandum in Support [# 177]; Bard's Response [# 184]; B & K's Response [# 185]; Plaintiff's Reply [# 190].

exhibits were introduced without accompanying evidence to show that either Defendant approved or distributed the information. Both Defendants object to Dr. Beraha's testimony that he was induced to infringe his own patent by their manufacturers' representatives. In addition, Bard points out that "the Bard representatives testified that they would not tell doctors how to operate any type of ultrasound equipment with the Biopty instrument." Bard's Memorandum [# 184], p. 8 (citing Mirsky Deposition at 27, PTX 123). B & K's company representative Carl Simony testified that independent research led to the development of the ultrasound probes, and that B & K had no knowledge of Plaintiff's device until this suit was filed.

Plaintiff bears the burden of proving that Defendants actively induced infringing acts *and* had the specific intent to encourage actual infringement. *Manville Sales Corp. v. Paramount Sys., Inc.,* 917 F.2d 544, 553 (Fed.Cir.1990) ("The alleged infringer must be shown, however, to have *knowingly* induced infringement.") (emphasis in original). Although Plaintiff asserts that "[a] clearer case of inducement on the part of B & K could not be made," and refers to "the same indisputable and forceful" effect of the evidence against Bard, *see* Plaintiff's Brief [# 177], pp. 12–13, the jury was not persuaded that either Bard or B & K induced physicians to infringe Plaintiff's patent. The Court concludes that the jury was presented sufficient evidence on the question of inducement and simply rejected Plaintiff's claim. Therefore, Plaintiff's motion for judgment on inducement is **DENIED.**

■ Plaintiff alternatively moves for a new trial on the inducement issue, arguing that the jury's adverse decision must have resulted from confusion caused by the Court's instructions. As reasons for possible juror confusion, Plaintiff points to the term "direct infringement" in the charge and to the fact that Special Interrogatory No. 2 did not mention "infringement." Having reviewed the jury instructions and the verdict form, the Court is satisfied that the phrase "direct infringement" is a correct statement of the law and the disputed interrogatory is not confusing. No new trial on inducement is warranted.

## IV. *APPLYING THE DOCTRINE OF EQUIVALENTS*

In Special Interrogatory No. 2, the jury answered "YES" to the following question:

2. Has Plaintiff proved by a preponderance of the evidence that the combination of the B & K transducer equipped with puncture attachment and a Bard Biopty gun and needle or Monopty gun and needle performs substantially the same function in substantially the same way to achieve substantially the same result as that described in claim 1?

Each Defendant seeks judgment as a matter of law with respect to the jury's response, contending that the jury could not reasonably have found that the B & K transducer used in combination with a Bard Biopty gun performs "substantially the same function in substantially the same way to achieve substantially the same result" as that described in claim 1 of the patent in suit.[2] Defendants argue that Plaintiff failed to present evidence sufficient to establish substantial identity of function, way, and result. *See Graver Tank & Mfg. Co., Inc. v. Linde Air Prods. Co.,* 339 U.S. 605, 607–09, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950).

■ Proof of the factual predicate to invoking the doctrine of equivalents must be specific. The Federal Circuit holds that substantial identity must be proven with regard to each of the three elements of the doctrine—the function performed, the means by which the function is performed, and the result achieved. *See Lear Siegler, Inc. v. Sealy Mattress Co.,* 873 F.2d 1422, 1425 (Fed.Cir.1989). To enable the jury to decide the factual issue of equivalence, "the three *Graver Tank* elements must be presented in the form of particularized testimony and linking argument." *Id.* at 1426. Evidence and argument on the doctrine of equivalents cannot be subsumed in the proof of literal infringement. *Id.* at 1425; *see also Malta v.*

---

2. *See* B & K's Brief in Support [# 174]; Bard's Memorandum in Support [# 178]; Plaintiff's Memorandum in Opposition [# 183]; Bard's Reply [# 189].

*Schulmerich Carillons, Inc.,* 952 F.2d 1320, 1327 & n. 5 (Fed.Cir.1991) ("we think [*Lear Siegler*] at least requires the *evidence* to establish *what* the function, way, and result of *both* the claimed device and the accused device are, and *why* those functions, ways, and results are substantially the same") (emphasis in original).

This stringent proof requirement is grounded in a concern that the doctrine of equivalents is often inappropriately applied. "Unfortunately, however, the tripartite test has become a mechanical formula which can often be applied to accused infringers who are not unscrupulous copyists and who have made more than insubstantial changes, under circumstances in which it may not be equitable to do so." *International Visual Corp. v. Crown Metal Mfg. Co., Inc.,* 991 F.2d 768, 774 (Fed.Cir.1993) (Lourie, J., concurring). Judge Lourie described the problems inherent in too liberal an application of the Court's equitable power:

> [T]he doctrine has its limits, and I believe that a court must insure that it achieves its intended purpose and does not simply become an automatic means for expanding the scope of a claim beyond that granted by examination in the Patent and Trademark Office. We have in fact noted that 'the doctrine of equivalents is the exception, ... not the rule, for if the public comes to believe (or fear) that the language of patent claims can never be relied on, and the doctrine of equivalents is simply the second prong of every infringement charge, regularly available to extend protection beyond the scope of the claims, then claims will cease to serve their intended purpose.'

*Id.* (quoting *London v. Carson Pirie Scott & Co.,* 946 F.2d 1534, 1538 (Fed.Cir.1991)).

■ Having carefully considered the application of the doctrine of equivalents to the facts presented, the Court concludes that there are no exceptional circumstances which justify imposing an equitable remedy in this case. Although the jury found that the function/way/result/ test was satisfied, that factual finding alone does not require equitable intervention:

[N]othing in *Graver Tank* states that mere satisfaction of the tripartite tests itself establishes infringement by equivalence.... the Court took account of the fact that there may be instances in which the function-way-result tests may be satisfied, but the facts may not justify the application of the doctrine of equivalents.

*International Visual,* 991 F.2d at 774; *see also Pennwalt Corp. v. Durand–Wayland, Inc.,* 833 F.2d 931, 934–35 (Fed.Cir.1987) ("Under the doctrine of equivalents, infringement *may* be found (but not necessarily) if an accused device performs substantially the same overall function or work, in substantially the same way, to obtain substantially the same overall result as the claimed invention.") (footnote omitted) (emphasis and parenthetical in original).

This is not a case deserving of equitable relief. The evidence that Defendants did not copy Plaintiff's invention is uncontested. Instead, Plaintiff's and Defendants' devices were developed through independent research. Furthermore, the use of a spring-driven, sequentially-fired biopsy device attached to an ultrasound transducer is a substantial change and improvement over the use of a manually-operated biopsy needle guided by a doctor's fingertip. The accused combination is significantly different than the claimed device, even though a physician might use the two instruments to perform the same function in the same way to obtain the same result.

The Court specially notes Defendants' argument that Plaintiff did not make the necessary evidentiary showing at trial, particularly as regards the "way" component of the tripartite test. However, despite grave concerns relating to the sufficiency of the particularized testimony and linking argument necessary to establish a doctrine of equivalents case, the Court expressly does not decide that matter. Even if Plaintiff's trial evidence is legally sufficient, there is no equitable basis for applying the doctrine of equivalents in this case. Therefore, Defendants' motions for judgment as a matter of law on the jury's equivalency findings are **DENIED** as moot.

## V. COSTS

■ Plaintiff moved to amend the judgment so as to vacate or hold in abeyance the award of costs to Defendants, contending that Defendants were not the prevailing parties.[3] In light of the jury's verdict and the Court's disposition of the various post-trial motions, Plaintiff is not correct. Defendants are awarded costs, pursuant to Rule 54(d).

Plaintiff has also filed objections to Defendants' Bill of Costs. At Defendants' request, the Clerk taxed costs against Plaintiff amounting to $14,552.33 for Defendant Bard and $22,298.72 for B & K, pursuant to Fed. R.Civ.P. 54 and 28 U.S.C. § 1920. Plaintiff objects to excessive witness fees, reproduction costs, and costs of depositions.

■ The Court's discretion to award costs is limited by the list of items set forth in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *aff'g. J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613 (5th Cir.1985); *Fulton Fed. Sav. & Loan Ass'n v. American Ins. Co.*, 143 F.R.D. 292 (N.D.Ga.1991) (Forrester, J.).

### A. Witness Fees and Travel

■ Plaintiff maintains that Defendant's witness Ernest Lipscomb is entitled to the statutory witness fee only for the two days he testified, and not for the eight days he attended trial. Plaintiff seeks to reduce the fee from $2,220 to $804. However, expert witnesses may be compensated for time spent awaiting testimony and listening to opposing experts, plus the associated travel time. No reduction is warranted.

■ Plaintiff also objects to Dr. Holm's airline travel cost of $3,235 from Denmark to Atlanta. Mr. Simony, says Plaintiff, traveled from approximately the same location for $976. Defendant B & K has not responded to the objection. The statute requires a witness to "utilize a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Dr. Holm's travel expense is hereby reduced to $976.

### B. Reproduction Costs

■ Plaintiff objects to the cost of demonstrative exhibits used at trial, in the amount of $8,687 for each Defendant, plus an additional $113 charged by B & K. Unless authorized prior to trial, the expense of demonstrative exhibits and of charts and models that summarize evidence is not properly taxable under § 1920 and *Crawford. Fulton Federal*, 143 F.R.D. at 300. The total cost is therefore disallowed. Likewise, the unexplained cost of $136.90 for "EMD" trial exhibits is disallowed.

■ Plaintiff's request to disallow 75% of Bard's $900 cost of producing a complete set of trial exhibits is denied. Such an expense is not unreasonable for the reproduction of over 800 trial exhibits, many of which were used by witnesses. In addition, Bard's counsel has agreed to reduce the cost for file histories to $235 from $612.

■ B & K's copy expenses of $2,688.80 and $371.29 are unexplained. A prevailing party may be reimbursed for some costs of photocopying, while other costs are not taxable. *See Fulton Federal*, 143 F.R.D. at 299–300. Although the total amount might be disallowed subject to later explanation and objection, the Court will allow one-half of B & K's copy expenses in an effort to save the parties additional fees for submitting and contesting relatively minor costs.

The remaining reproduction costs not herein addressed are allowed.

### C. Deposition Costs

■ Finally, Plaintiff objects to the costs of three B & K depositions which were not used at trial and were allegedly unnecessary to preparing the case. Defendant B & K has not responded to the objection. The costs for the Bischof, Cannizarro, and Wiggins depositions are disallowed.

---

**3.** *See* Bard's Bill of Costs [# 180]; B & K's Bill of Costs [# 181, # 182]; Plaintiff's Objections [# 188]; Bard's Memorandum in Opposition [# 193].

## VI. OTHER MATTERS

Plaintiff's Motion for Injunction[4] and Plaintiff's Motion to Amend Judgment[5] do not require lengthy discussion. Plaintiff moved for the imposition of an injunction based on his view that the jury favorably decided the infringement claim under the doctrine of equivalents. Because the jury found no inducement and the Court has not made an equitable determination of infringement, however, there is nothing to enjoin. The motion for injunction is **DENIED.**

Plaintiff also seeks to amend the judgment to reflect a finding of infringement by equivalency. As explained, the jury made a factual determination of certain substantial similarities but the Court has not awarded equitable relief. The judgment as entered by the Clerk of Court following trial is consistent with the jury's verdict and will not be amended. The motion to amend is **DENIED.**

**SO ORDERED.**

---

**4.** See Plaintiff's Memorandum in Support [# 175]; Bard's Memorandum in Opposition [# 183A]; B & K's Brief in Opposition [# 187]; Plaintiff's Reply [# 192].

**5.** See Plaintiff's Memorandum in Support [# 176]; Defendants' Memorandum in Opposition [# 186]; Plaintiff's Reply [# 191].