James J. GRADY, Plaintiff,

v.

**BUNZL PACKAGING SUPPLY CO., et al., Defendants.**

No. 1:93–cv–2513–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 22, 1995.

■■■■■■■■■■■

Timothy Lanier Spruell, Alpharetta, GA, for plaintiff.

Robert G. Brazier, Gambrell & Stolz, Atlanta, GA, Peter Channer Johnson, St. Louis, MO, Bryan F. Dorsey, Atlanta, GA, for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the Court on Defendants' Motion for Costs [20–1]. The Court DENIES Defendants' Motion for Costs.

## BACKGROUND

Plaintiff James J. Grady was employed with Bunzl Packaging Supply Company. Defendant Bunzl Packaging Supply Company is a wholly owned subsidiary of Bunzl plc, and Bunzl USA, Inc. Defendants supply packaging for various products, including food to manufacturers and large food companies. Defendants hired Plaintiff as a Buyer for Bunzl Packaging Supply Company.

Plaintiff alleges that, on November 5, 1990, Defendants fired him from their employ because of his age, because of the expense of paying for his wife's medical bills, and in retaliation for his whistleblowing activities. Plaintiff filed this action on November 4, 1993, alleging age discrimination, retaliation, breach of contract, and wrongful death.

On May 31, 1994, this Court granted in part and denied in part Defendants' Motion to Dismiss. Specifically, the Court dismissed Plaintiff's retaliation claim (Count II) and Plaintiff's breach of agreement claim (Count III). On December 12, 1994, the Court granted Defendants' Motion for Summary Judgment in regard to Plaintiff's ADEA claim (Count I) and Plaintiff's wrongful death claim (Count IV). Plaintiff has no remaining claims before the Court, and judgment was entered against Plaintiff on December 12, 1994.

## DISCUSSION

I. *Defendants' Motion for Costs*

Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, Defendants seek to recover various costs incurred in this action. Plaintiff has filed no objection to Defendants' Motion for Costs.[1]

Under Rule 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). In this case, the Court has dismissed Plaintiff's claims, and Defendants are the prevailing party.

■■■ Rule 54(d), however, does not bestow on a court limitless discretion to "tax costs to reimburse the litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964). Explicit statutory authorization is a prerequisite to a federal court's power to shift litigation costs. *West Virginia Univ. Hosps. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991).

28 U.S.C. § 1920 authorizes a court to grant litigation costs. Pursuant to § 1920, appropriate costs that may be taxed to an opposing party include:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under § 1923; and

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of

---

1. Failure to file a response to a motion indicates that there is no opposition to the motion. L.R. 220–1(b).

special interpretation services under § 1828.

28 U.S.C. § 1920.

## A. Photocopies

### 1. Standard

■ 28 U.S.C. § 1920 provides for the recovery of photocopying costs in certain circumstances. The Court will allow photocopying charges that were necessary for discovery and for trial presentation. The Court will not allow photocopying charges for the convenience, preparation, research, or records of counsel. The party seeking to recover these costs must show that the copies were necessary and provided either to the court or the opposing party.

■ Costs that are taxable under § 1920 include charges attributable to discovery, if the charges were for copies of pleadings, correspondence, and other documents tendered to the opposing party. *Fressell v. AT & T Technologies, Inc.,* 103 F.R.D. 111, 115–116 (N.D.Ga.1984) (Vining, J.) (citations omitted). Charges for copies of exhibits and documents submitted to the court in support of motions, as well as copies of pleadings, motions, and memoranda provided to the court are also recoverable. *Id.* at 116 (citations omitted).

■ Expenses attributable to extra copies of filed papers, correspondence, and copies of cases, however, are not taxable. *Id.* These copies are prepared for the convenience of the attorneys. *Id.* Charges for copies of original documents possessed by the prevailing party are not taxable. *Fulton Fed. Sav. & Loan Ass'n v. American Ins. Co.,* 143 F.R.D. 292, 300 (N.D.Ga.1991) (Forrester, J.).

### 2. Application

■ Defendants' seek to recover $160.40 in photocopying charges. Defendants, however, have provided no information revealing the purpose or use of the photocopies. Unsubstantiated claims that particular documents were necessary are insufficient to permit recovery. *Id.* Defendants must come forward with evidence showing the nature of the documents copied, including how the copies were used or intended to be used in the case. *Id.*

■ The Court DENIES Defendants' Motion for Costs in regard to photocopying costs. Defendants, however, may renew their motion for these expenses by filing a supplemental bill of costs. The bill of costs should explain what types of documents were copied, who was in possession of the originals of these documents, for what purpose were these documents copied, and why these copies were necessary in this case. *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 352 (N.D.Ga.1992) (Forrester, J.).

## B. Computer Research

Defendants' bill of costs seeks $1268.92 for computer assisted legal research. Because 28 U.S.C. § 1920 does not provide for the recovery of these costs, the Court DENIES Defendants' Motion for Costs in regard to computer assisted legal research. *Moskovitz,* 142 F.R.D. at 353 (citations omitted).

The Court notes that Defendants cite in support of their motion the Court's holding in *O'Donnell v. Georgia Osteopathic Hosp., Inc.,* 99 F.R.D. 578, 581–581 (N.D.Ga.1983) (Hall, J.). In *O'Donnell,* the Court awarded as costs computerized legal research fees in a private action for damages under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. *O'Donnell* is distinguishable from the case *sub judice,* in which Defendants seek recovery pursuant to 28 U.S.C. § 1920.[2]

---

**2.** Additionally, in *O'Donnell,* the Court allowed computer expenses to be taxed as a cost because the Court earlier had held that the plaintiff was entitled to recover attorney's fees. The Court found that requiring the plaintiff to amend and resubmit her claim for computer expenses as a motion for attorney's fees was circuitous. Instead, the Court chose to allow recovery as a cost, taking care to ensure that plaintiff's request for attorney's fees did not include computer research expenses. The Court did not adopt an inflexible rule establishing that computer research expenses are recoverable as a cost.

### C. Other Costs

Defendants seek recovery costs attributable to long distance telephone calls, postage, and courier services. Because 28 U.S.C. § 1920 does not provide for the recovery of these costs, the Court DENIES Defendants' Motion for Costs in regard to long distance telephone calls, postage, and courier services. *Moskovitz*, 142 F.R.D. at 351.

### CONCLUSION

The Court DENIES Defendants' Motion for Costs [20–1]. Defendants may renew their request for photocopying expenses by filing a supplemental bill of costs. The bill of costs should explain what types of documents were copied, who was in possession of the originals of these documents, for what purpose were these documents copied, and why these copies were necessary in this case.

So ORDERED.