Tony **AVIRGAN** and Martha Honey, Plaintiffs,

v.

John **HULL**, et al., Defendants.

No. 86–1146–CIV.

United States District Court, S.D. Florida.

Feb. 2, 1989.

The Christic Institute, Thomas Kellenberg, Catholic University of America, Columbus School of Law, Washington, D.C., R. Jerome Sanford, Miami, Fla., for plaintiffs.

Fitzgerald Portela & Portuondo by Joseph J. Portuondo, Miami, Fla., for Adolfo Calero.

Milledge, Iden & Snyder, Allan Milledge, Florence Beth Snyder, for other defendants.

Walton, Lantaff Schroeder & Carson by Luis S. Konski, Miami, Fla., for Moises Nunez (Dagaberto).

Spencer & Klein, P.A., Thomas A. Spencer, Jr., Samuel B. Reiner, II, Miami, Fla., for defendant Singlaub.

### ORDER GRANTING MOTIONS FOR COSTS AND ATTORNEYS' FEES

JAMES LAWRENCE KING, Chief Judge.

Tony Avirgan was injured by the explosion of a bomb in the jungle at La Penca,

Nicaragua. He accused the defendants of exploding the bomb in an attempt to assassinate Eden Pastora, a contra leader. After two years of protracted and extensive discovery of scores of witnesses across the United States, Costa Rica, and elsewhere, the plaintiffs were unable to produce a single witness who could state that the defendants exploded the bomb or were responsible for the assassination attempt. *See Avirgan v. Hull,* 691 F.Supp. 1357 (S.D.Fla.1988).

The attorneys for the plaintiffs, The Christic Institute, must have known prior to suing that they had no competent evidence to substantiate the theories alleged in their complaint. Plaintiffs' lead counsel, Daniel Sheehan, supplemented the complaint with a detailed affidavit outlining the purported testimony of seventy-nine witnesses who Mr. Sheehan stated had factual knowledge that these defendants set and exploded the bomb that caused plaintiff's injuries.

The seventy-nine witnesses were identified only by number. Plaintiffs' counsel refused to identify the names and addresses of the vast majority of the seventy-nine witnesses until ordered to do so by the court. Plaintiffs appealed the order requiring them to disclose the identities of the witnesses. These actions by plaintiffs and their counsel prevented the defendants from taking depositions of these witnesses, and delayed orderly discovery for many months.

After all the appeals were exhausted and plaintiffs complied with the order to reveal the names of their witnesses, the reason for the plaintiffs' adamant refusal became apparent. Specifically, the names and identities of approximately twenty of the seventy-nine witnesses were totally unknown to Mr. Sheehan or the plaintiffs. Several of the disclosed witnesses later stated under oath that they did not know Mr. Sheehan, had never spoken to him, or flatly denied the statements he had attributed to them in his affidavit. The remaining witnesses did not furnish any statements that would be admissible. Much of the testimony of these witnesses involved conversations they allegedly had with other people, which is the hearsay testimony inadmissible at a trial.

Based upon the affidavit of plaintiffs' counsel, the plaintiffs were permitted to conduct two years of discovery. This discovery failed to produce any admissible evidence regarding causation. *See Avirgan,* 691 F.Supp. 1357. The Christic Institute's allegations, essentially maintaining that the plaintiffs were victims of a wideranging conspiracy spanning thirty years and involving the activities of former United States Government officials, CIA operatives, Colombian druglords and arms merchants in Cuba, Southeast Asia, the Middle East, and Central America, were based upon unsubstantiated rumor and speculation from unidentified sources with no first hand knowledge. These actions establish that plaintiffs "had every reason to know they stood no chance of proving" that the defendants were responsible for the injuries to Tony Avirgan. *Collins v. Walden,* 834 F.2d 961, 964 (11th Cir.1987). This abuse of the judicial process requires that the plaintiffs make the defendants whole by paying the fees the defendants have been forced to expend for attorneys in this action. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Collins,* 834 F.2d at 964; *Gordon v. Heimann,* 715 F.2d 531 (11th Cir.1983); *see also* 28 U.S.C. § 1927 (1986).

## DISCUSSION

The motions for costs and attorney's fees filed by the prevailing defendants are the last remnants of this case. The court now addresses the questions raised by these motions.

### A. COSTS

 Normally, an award of costs is relatively straight forward. Federal Rule of Civil Procedure 54(d) provides that a court may tax costs in favor of the prevailing party. The particular costs that can be taxed are detailed in 28 U.S.C. § 1920. This section expressly provides that the following items may be taxed as costs:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Some of the successful defendants have filed Bills of Costs. Although the plaintiffs have failed to make specific objections to requested costs, the court will analyze the requests and determine the appropriate amounts based on the statutory guidelines. Specifically, the court will disallow "costs" that are not set out in 28 U.S.C. § 1920. *See Crawford Fitting Company v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

## 1. ADOLFO CALERO

Defendant Calero filed an affidavit listing costs totalling $1,935.64. The affidavit states that the following costs have been expended in connection with the defense of this case:

| DISBURSEMENTS | AMOUNT |
| --- | --- |
| Messenger Service | $ 80.00 |
| Postage | 102.94 |
| Photocopies | 1,225.65 |
| Parking | 10.10 |
| Mileage | 1.20 |
| Telefax Transmissions | 34.00 |
| Word processing costs | 280.00 |
| Depositions | 201.75 |
| TOTAL DISBURSEMENTS: | $1,935.64 |

The statutory provision does not provide for the taxation of messenger service, postage, parking, mileage, telefax and word processing costs, so the court disallows the

requested costs. *Id.* The request for "deposition" costs presumably is for costs incident to taking a deposition. The court, consequently, taxes as costs the "deposition" and the photocopying of depositions. Plaintiff Calero, therefore, is awarded $1,427.40 in costs.

## 2. JOHN HULL

Hull has listed four types of costs in his Bill of Costs. He requests the following costs:

| DISBURSEMENTS | AMOUNTS |
| --- | --- |
| Fees for exemplification and copies of papers necessarily obtained for use in case | $1,058.75 |
| Costs incident to taking of depositions | 1,602.70 |
| Long distance phone expense | 148.98 |
| Postage | 204.82 |
| TOTAL DISBURSEMENT: | $3,015.25 |

Because 28 U.S.C. § 1920 does not provide for them, the court disallows the long distance phone charges and again denies the postage costs. The defendant is entitled to $2,661.45 in taxable costs.[1]

## 3. MOISES NUNEZ RUIZ

Nunez Ruiz has listed two expenses, both of which are enumerated in § 1920. Specifically, he has made the following requests:

| DISBURSEMENTS | AMOUNTS |
| --- | --- |
| Fees for printing | $644.85 |
| Translating services | 92.00 |
| TOTAL DISBURSEMENT | $736.85 |

The prevailing defendant is entitled to these specifically enumerated costs totalling $736.85.

## 4. ROBERT OWEN

Defendant Owen submitted a Bill of Costs that contained the following two items:

---

**1.** This defendant, like several others, has filed a motion under Rule 30(g)(2) for fees and cost. The defendant, however, has not listed these expenses, so the court presumes the amount allowed under 30(g)(2) is included in the total request.

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Fees for copies of papers necessarily obtained for use in the case | $2,844.00 |
| Costs incident to taking of depositions | 2,774.90 |
| TOTAL DISBURSEMENTS | $5,663.90 |

The defendant provided detailed attachments to indicate the necessity of these items. The court, accordingly, awards costs totalling $5,663.90 for defendant Owen.

## 5. RICHARD SECORD

The following requests were filed by defendant Secord:

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Transcripts | $ 2,925.30 |
| Xeroxing | 2,283.10 |
| Courier Service | 958.95 |
| Telecopy and Telex | 225.00 |
| Postage | 401.88 |
| Telephone | 834.75 |
| Travel Expenses | 7,112.04 |
| TOTAL DISBURSEMENTS: | $14,741.02 |

Because the statute does not allow courier services, telecopy, telex, postage, telephone, and travel expenses, these amounts are disallowed. The request for transcripts and xeroxing expenses is appropriate, so the defendant is entitled to $5,208.40 for costs.

## 6. RONALD MARTIN, JAMES McCOY and MARIO DELL AMICO

All three defendants were represented by the same law firm. The attorney stated in the Bill of Costs that costs incident to taking of deposition and the copying is $4,373.85. These requests are entirely appropriate and the court grants the request. The defendants also ask for the following other costs:

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Air Fare | $ 154.00 |
| Long distance telephone | 365.98 |
| Messenger service | 230.90 |
| Postage | 128.25 |
| Secretarial overtime | 200.98 |
| Telecopying | 232.00 |
| Parking and other miscellaneous costs | 140.48 |
| Legal research costs | 157.50 |
| Word processing costs | 42.00 |
| Word processing overtime | 45.00 |
| TOTAL DISBURSEMENT: | $1,647.04 |

Section 1920 does not provide for any of these costs, so they are all disallowed. Consequently, the court awards only $4,373.85.

## 7. RAFAEL QUINTERO, THOMAS CLINES and ALBERT HAKIM

Like the previous defendants, Quintero, Clines and Hakim all retained one law firm. The law firm submitted the following list of costs:

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Xeroxing | $1,167.00 |
| Courier services | 144.40 |
| Telephone and telecopy | 193.17 |
| Postage | 162.73 |
| Travel expenses | 2,162.47 |
| 5% Fla. Sales Tax 7/1—12/31/87 | 8.12 |
| TOTAL DISBURSEMENTS: | $3,837.89 |

All of these expenses, except xeroxing, are disallowed because they fall outside the statute. The court does allow the photocopying expenses totalling $1,167.00 as recoverable costs.

## 8. JORGE GONZALEZ

Through an attorney's affidavit, defendant Gonzalez requests the following necessarily incurred disbursements:

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Postage | $ 65.25 |
| Long distance telephone calls | 12.34 |
| Courier services | 16.85 |
| Photocopies | 798.30 |
| TOTAL DISBURSEMENTS: | $892.74 |

Most of the requested costs are not within the statutory provision. The only recognized cost is for photocopying. Accordingly, the court taxes as cost $798.30 for photocopies.

## 9. JOHN SINGLAUB

Defendant Singlaub vigorously defended against this case and, consequently, has submitted two Bills of Costs totalling more than $100,000. The list of costs, consisting of 28 pages, can be summarized as follows:

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Fees of court reporter for transcripts necessarily obtained for use in the case | $ 24,698.48 |

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Fees and disbursements for printing | 2,194.74 |
| Fees for witnesses | 177.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in case | 19,271.59 |
| Docket fees under 28 U.S.C. § 1923 | 20.00 |
| Long distance phone calls | 3,241.49 |
| Witness subpoenas | 280.00 |
| Postage and delivery | 16,919.82 |
| Overtime office expense | 6,300.50 |
| Interpreter costs | 168.76 |
| Travel expenses | 30,875.09 |
| Miscellaneous | 4,469.89 |
| TOTAL DISBURSEMENTS | $108,617.36 |

Despite the defendant's detailed report, the plaintiffs failed to specifically object. The court, however, is guided by the statutory guidelines set forth in § 1920 and disallows the requests not listed in the statute. The defendant, consequently, is not entitled to expenses for long distance phone calls, witness subpoenas, postage, delivery, overtime staff, travel and miscellaneous cost. With these costs deleted, the defendant's total allowed amount is $46,530.57.

In addition to the costs allowed under Rule 54(d), the defendant has submitted a request for costs and fees under Rule 30(g)(2) based on the plaintiffs' failure to properly subpoena witnesses noticed for deposition or otherwise adequately arrange for their attendance at the depositions in Costa Rica.[2] Because of the plaintiffs' failure, defendant Singlaub incurred the following expenses:

| DATE | DESCRIPTION | AMOUNTS |
|---|---|---|
| 5-1-88 | Airfare Miami/San Jose, C.R. | $ 280.00 |
| 5-1-88 | Departure Tax | 10.00 |
| 5-1-88 | Attorney's Fees/Preparation for Depositions | 400.00 |
| 5-2-88 | Attorney's Fees/Wasted Day | 800.00 |
| 5-2-88 | Two Meals | 14.00 |
| 5-2-88 | Transcript of Proceedings and Appearance | 127.50 |
| 5-4-88 | Hotel Bill | 105.00 |
| 5-4-88 | Cab ride to airport | 10.00 |
| 5-4-88 | Departure Tax | 4.50 |
| 5-4-88 | Airfare San Jose/Miami | 280.00 |
| 5-4-88 | Attorney's Fees/Travel Time | 400.00 |
| 7-8-88 | Attorney's Fees/Preparation of this Motion | 100.00 |
| | TOTAL | $2,531.00[3] |

The court grants all of these expenses, so the defendant's total amount allowed is $49,061.57.

**10. THEODORE SHACKLEY**

Defendant Shackley has filed a Bill of Costs for $20,330.06. The defendant re-

---

**2.** The transcript of the deposition demonstrates that the plaintiffs did not take the appropriate measures to insure the witnesses' attendance at the deposition. The court finds that Rule 30(g)(2) of the Federal Rules of Civil Procedure applies and the plaintiffs should compensate the defendants for these unnecessary expenses.

**3.** The attorneys' fees listed here will be deleted from the court's consideration in awarding attorneys' fees in section B of this order.

quests the court to tax the following as costs:

| DISBURSEMENT | AMOUNTS |
|---|---|
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $ 795.50 |
| Fees for witnesses | 35.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 8,072.14 |
| Computer legal research | 5,189.99 |
| Travel | 2,043.11 |
| Telephone and telecopier | 963.59 |
| Postage and delivery | 1,601.68 |
| Staff overtime | 615.30 |
| Interlibrary loans | 153.83 |
| Miscellaneous | 859.92 |
| TOTAL DISBURSEMENTS | $20,330.06 |

Section 1920 does not provide for computerized legal research,[4] travel expenses, telephone, telecopier, postage, delivery, staff overtime, interlibrary loans, nor miscellaneous requests, so the court denies these amounts. Defendant Shackley, therefore, is entitled to the remaining items totalling $8,402.14.

## B. ATTORNEYS' FEES

■ As stated in the introduction, the court has also decided to award attorneys' fees to the prevailing defendants.[5] The court, therefore, now must determine a reasonable hourly rate for each defendant's attorney and assess the time claimed by the attorneys. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). The decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise. *Id.* at 1304. Likewise, the determination of hours reasonably expended may be based on documentation or, if this evidence is inadequate, the court's own experience. *Id.* With these principles in mind, the court will address each defendant's request.

4. *See also Roberts v. Charter National Life Ins.*, 112 F.R.D. 411 (S.D.Fla.1986).

5. This award is made coextensively pursuant to the "bad faith" exception to the American Rule,

### 1. ADOLFO CALERO

The law firm that represented defendant Calero has requested fees totalling $57,676.75. Based on an affidavit filed by an attorney not affiliated with the firm, the court finds that the rates attributed to the three lawyers are reasonable by comparison in this legal community. Specifically, the rates of $150.00 per hour for an attorney with eight years experience, $200.00 per hour for a lawyer with eighteen years experience, and $85.00 per hour for a newly admitted attorney are reasonable.

In addition to finding the hourly rate reasonable, the court also believes that the time claimed is reasonable. Although the attorneys have not specifically documented the hours expended, the court's experience with this case and similar cases compels the court to find the total award reasonable. The court inferentially finds the hours worked reasonable. Defendant Calero, therefore, is entitled to $57,676.75 in attorney's fees.

### 2. JOHN HULL

The attorney for John Hull apparently charged the client based on a local rate of $100.00 per hour and an out-of-town rate of $150.00 per hour. The court, in its experience, disallows the differential rates and, consequently, applies the local rate of $100.00 per hour to all of the attorney's entries. The detailed entries reasonably portray the amount of hours expended by the attorney. Based on the uniform rate of $100.00 per hour, defendant Hull is entitled to fees totalling $67,380.00.

### 3. MOISES NUNEZ RUIZ

Counsel for the defendant filed an affidavit that states he has been admitted to practice in Florida for approximately 13 years and charges $150.00 per hour. The court, again, finds this hourly rate reasonable. Counsel has also clearly identified

see *Alyeska Pipeline Service Co.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), 28 U.S.C. § 1927 (1986), and Fed.R.Civ.P. 11.

the services he has rendered for his client. The itemized services bill indicates that counsel spent a reasonable amount of time on the case, so the court awards attorney's fees in the amount of $4,913.52.

### 4. ROBERT OWEN

Defendant Owen, represented by a District of Columbia law firm, requests attorneys' fees totally $67,509.10. Several attorneys within the law firm represented Mr. Owen, but 94% of the work was performed by an attorney with 13 years of experience, who charged initially $135.00 per hour and ultimately $165.00 per hour. The court finds these rates reasonable based on the attorney's experience and the locale in which he practices. Moreover, the court, after reviewing the time sheets, finds the number of hours expended to be reasonable. Mr. Owen, therefore, is entitled to $67,509.10 in attorneys' fees.

### 5. RICHARD SECORD

The affidavit submitted by counsel is fairly broad, but based on the documentation and the court's experience, the requested amount for attorneys' fees is reasonable. Specifically, the range of hourly rates was between approximately $75.00 per hour to $190.00 per hour. Moreover, in light of the multiple appearances of counsel and numerous documents filed in this case, the number of hours expended by the law firm is reasonable. The court, consequently, awards attorneys' fees totalling $109,854.00.

The defendant has also requested $16,742.67 for attorneys' fees based on a consultation with another law firm regarding RICO law. The request, however, only states that the fees total $16,742.67. The request does not mention an hourly rate nor hours expended. Despite the court's expertise, it cannot merely guess at an appropriate amount. This request, therefore, is denied.

### 6. RONALD MARTIN, JAMES McCOY and MARIO DELL AMICO

One law firm represented all three defendants in this litigation. The rates for the attorneys in this case range from $65.00 per hour for associates to $225.00 per hour for a senior partner. The court finds these rates reasonable. With respect to the time billed, the one-inch thick stack of the billing sheets more than adequately details the activities of all of the attorneys involved. The court, therefore, grants the request for fees totalling $79,336.88.[6]

### 7. RAFAEL QUINTERO, THOMAS CLINES, and ALBERT HAKIM

All three defendants were represented by one law firm. Additionally, Quintero retained separate trial counsel. The documents in the case, including the motion for attorneys' fees, were signed by the law firm representing the three defendants. Consequently, based on the previous filings of the attorneys and their appearances in court, the court can supplement the inadequate affidavit of the firm that represented all three defendants. Moreover, the attached affidavit regarding hours worked and hourly rates is consistent with the court's experience and the other defendants' requests. Conversely, the affidavit submitted by trial counsel for Quintero is insufficient and the court is unfamiliar with counsel because the case did not proceed to trial. The request for fees for trial counsel, consequently, is denied. The court, however, does award Quintero, Hakim and Clines $89,984.40 in attorneys' fees.

### 8. JORGE GONZALEZ

The court is confronted with another insufficient affidavit regarding hours worked and hourly rate. The court, again relying on its experience and expertise, finds the attorneys' hourly rate and hours expended reasonable. Consequently, the request for 283.9 hours at $150.00 per hour totalling $42,585.00 is granted.

---

**6.** This amount reflects a $640.50 deduction from the defendants' request because of two accidentally placed billing entries.

## 9. JOHN SINGLAUB

Singlaub's attorney filed forty-eight pages of billing sheets detailing the tremendous number of hours expended in this case. Moreover, the documentation and accompanying affidavits indicate that the attorneys charged reasonable hourly rates of $100.00 per hour for associates and $175.00 per hour for partners. Combining these hourly rates with the 2062 hours expended in the case, defendant Singlaub is entitled to $297,446.75 in attorneys' fees. Because the court previously awarded $1,200.00 of these fees under Rule 30(g)(2) the amount awarded here is reduced to $296,246.75.[7]

## 10. THEODORE SHACKLEY

Defendant Shackley hired a Washington, D.C. law firm to represent him in this action. The law firm has complied with every requirement of *Norman*. Specifically, the attorneys have fully detailed the activities of the lawyers involved in the case and listed the hourly rate of each attorney.[8]

Moreover, the fee petition is "well-prepared" because it includes a summary of each attorney's hours and a monthly listing of fees. *See Norman*, 836 F.2d at 1303. In light of the reasonable hourly rates and reasonable hours expended, the court awards defendant Shackley attorneys' fees totalling $139,844.10.

## 11. THOMAS POSEY

Defendant Posey, currently representing himself, has filed a motion for attorney's fees with the amount to be determined at a later date. Because the defendant is *pro se*, the court will allow him until February 24, 1989 to file an itemized description of his previous attorney's hourly rates and hours expended on this case.

Based on the previous discussion, the court

ORDERS and ADJUDGES that the defendants are entitled to the following amounts:

| | ATTORNEYS' FEES | COSTS | TOTAL |
| --- | --- | --- | --- |
| CALERO | $ 57,676.75 | $ 1,427.40 | $ 59,104.15 |
| HULL | 67,380.00 | 2,661.45 | 70,041.45 |
| NUNEZ RUIZ | 4,413.52 | 736.85 | 5,150.37 |
| OWEN | 67,509.10 | 5,663.90 | 73,173.00 |
| SECORD | 109,854.00 | 5,208.40 | 115,062.40 |
| MARTIN, McCOY, DELL AMICO | 79,336.88 | 4,373.85 | 83,710.73 |
| QUINTERO, CLINES, HAKIM | 89,984.40 | 1,167.00 | 91,151.40 |
| GONZALEZ | 42,585.00 | 798.30 | 43,383.30 |
| SINGLAUB | 296,246.75 | 49,061.57 | 345,308.32 |
| SHACKLEY | 139,894.10 | 8,402.14 | 148,296.24 |
| TOTAL | $954,880.50 | $79,500.86 | $1,034,381.36 |

FURTHER ORDERS and ADJUDGES that defendant Posey has until February 24, 1989 to file the appropriate documentation for determining the amount of attorneys' fees.

Let execution issue.

DONE and ORDERED.

---

**7.** Defendant Singlaub also retained two other lawyers. Unlike the attorneys awarded approximately $300,000.00, these attorneys did not provide the court any basis to determine an appropriate award. Their requests, therefore, are denied.

**8.** The attorneys have also attached an affidavit stating that the hourly rates are reasonable in these types of caes.