### Tony AVIRGAN and Martha Honey, Plaintiffs,

v.

### John HULL, et. al., Defendants.

### No. 86–1146–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 24, 1989.

R. Jerome Sanford, Miami, Fla., The Christic Institute, Washington, D.C., Thomas Kellenberg, Catholic University of America, Columbus School of Law, Washington, D.C., and Fitzgerald, Portela & Portunodo, Fla. by Joseph J. Portuondo, Miami, Fla., for plaintiffs.

Milledge, Iden & Snyder, Miami, Fla., by Allan Milledge, Florence Beth Synder, Spencer, Bernstein, Seemann & Klein, Miami, Fla., Jack McKay, P.C., Washington, D.C., Fine Jacobson Schwartz, Nash Block & England, P.A., Miami, by Theodore Klein, Miami, Fla., William Henry Stiles, V, Key Biscayne, Fla., Diaz, Silveira & Associates, P.A., Robert F. Garcia–Esquerro, Coral Gables, Fla., Alley, Maass, Roger, S. Lindsay & Chauncey, by George P. Ord, Palm Beach, Fla., Zuckerman, Spaeder, Taylor & Evans by John F. Evans, Coral Gables, Fla., Law Offices of John P. Sears, Philip J. Hare, Washington, D.C., Wood, Lucksinger & Epstein, and Walton, Lantaff Schroeder & Carson by Luis S. Konski, Miami, Fla., for defendants.

Robert W. Owen, Washington, D.C., pro se.

Bruce Jones, Lutz, Fla., pro se.

### ORDER CLARIFYING ORDER DATED FEBRUARY 2, 1989

JAMES LAWRENCE KING, Chief Judge.

Defendants bring a motion to clarify this court's order of February 2, 1989. 705

F.Supp. 1544. They seek to determine against whom the fees and costs were awarded. The plaintiffs have responded by arguing that a procedural bar divests this court's jurisdiction to reconsider this order.

The court finds no merit to the plaintiffs' contentions. They argue that their filing of a notice of appeal immediately divests this court of all jurisdiction over the order that is the subject of the appeal. Aside from the fact that this argument runs contrary to Fed.R.App.P. 12 and established precedent, the record reflects that the notice of appeal was actually filed the same day the motion for clarification was. Accordingly, the notice of appeal could not in fairness to all parties preempt this court's consideration of a motion filed that same day. Accordingly, the court will address the issues raised in the defendants' motion.

As this court's order dated February 2, 1989 fairly indicates, liability for the costs and fees must rest jointly and severally with Daniel Sheehan, Esq., The Christic Institute, and the plaintiffs, Tony Avirgan and Martha Honey. The court now addresses the reasons underlying this decision.

As a preliminary matter, the court notes that the plaintiffs are confused over the court's use of the word "coextensively" in its February 2, 1989 order. In footnote 5 of that order, the court indicated that the award was made "coextensively" pursuant to the "bad faith" exception, 28 U.S.C. § 1927, and Fed.R.Civ.P. 11. This language indicates that each of these authorities, separate unto itself, support the entire award. Of course different legal standards govern the award under each authority. The court applied these differing standards and found that the entire award was supported *in toto* by Fed.R.Civ.P. 11, *in toto* by 28 U.S.C. § 1927, and *in toto* by the "bad faith" exception. Essentially, the award mechanism is logical, for an award pursuant to the "bad faith" exception or 28 U.S.C. § 1927 necessarily implies an award under Fed.R.Civ.P. 11 where many of the reasons for the bad faith award center around or relate back to signed pleadings that violated Fed.R.Civ.P. 11.

Daniel Sheehan, Esq. must be liable. He was lead counsel for the plaintiffs. He formulated and put into motion the litigation strategy and tactics that justified the entire award under the bad faith exception and 28 U.S.C. § 1927. He also signed the complaint and affidavit upon which the court justified the entire award under Fed.R.Civ.P. 11. Moreover, as lead counsel, he neglected his continuing obligation under all three authorities to assure that the allegations in the complaint and in the affidavit were borne out in the discovery process. Mr. Sheehan is liable for the entire amount.

Similarly, the Christic Institute should be liable for the costs and fees. Mr. Sheehan, The Christic Institute's General Counsel, acted on behalf of the Institute. The Institute was the self-pronounced law firm representing the plaintiffs. Its attorneys carried out Mr. Sheehan's litigation strategy, and willingly participated in the litigation tactics. The Institute's name appears on all or most of the plaintiffs' filings. Moreover, because it acted through its officers, the attorneys representing the plaintiffs, the Institute must be held accountable for its agents' neglect of their continuing duty under all three authorities to avoid this frivolous lawsuit. The Christic Institute is liable for the entire award.

For like reasons, the plaintiffs, Tony Avirgan and Martha Honey, should be liable for the entire award. Admittedly, Honey and Avirgan cannot be liable under Fed.R.Civ.P. 11 or 28 U.S.C. § 1927 because they are not attorneys. Nevertheless, they were willful participants in Mr. Sheehan's litigation strategy. The Christic Institute paid them approximately $50,000.00 for consultation, public speaking, and trips from Costa Rica to the United States. *See* Shackley's motion for sanctions and fees, Exhibit D (Avirgan Deposition at p. 297–302; Honey Deposition at p. 211–13). The plaintiffs, therefore, are liable for the award of costs under the bad faith exception, which is, the entire award.

Because Daniel Sheehan, Esq., The Christic Institute, and the plaintiffs are all

liable for the award, they are jointly liable. Moreover, because each contributed to the actions in the defined manners, this liability is also several. Consistent with this opinion, the court

ORDERS and ADJUDGES that the award of fees and costs delineated in this court's order dated February 2, 1989 shall be paid by the plaintiffs Tony Avirgan and Martha Honey, the Christic Institute, and Daniel Sheehan, Esq. jointly and severally.

DONE and ORDERED in chambers at the United States District Courthouse, Federal Courthouse Square, Miami, Florida this 24th day of February, 1989.