**CORSAIR ASSET MANAGEMENT, INC., et al., Plaintiffs,**

v.

**Kathy Faer MOSKOVITZ, et al., Defendants.**

Civ. A. No. 1:89–CV–2116–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 18, 1992.

John Garrett Parker, Paul Hastings Janofsky & Walker, Atlanta, Ga., Richard D. Hart, Condon & Forsyth, Los Angeles, Cal., for plaintiffs.

James Herrell Rollins, Joseph Jootae Kim, Branch, Pike, Ganz & O'Callaghan, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on defendant Kathy Faer Moskovitz's motion for reconsideration of this court's order granting plaintiffs' motion for default judgment; and plaintiffs Moderncare, Inc. and Corsair Asset Management, Inc.'s motion to tax costs and fees.

## I.  MOTION FOR RECONSIDERATION

■ Defendant Kathy Faer Moskovitz seeks the court's reconsideration of its order dated August 8, 1991, granting plaintiffs' motion for default judgment.  Said default judgment was based upon defendant's willful failure to attend her own scheduled deposition.  Default was entered after six attempts to take her deposition and a written court order directing her to submit to the deposition and warning her that any failure to submit would risk an entry of default judgment.  Defendant Kathy Faer Moskovitz, having obtained new counsel, argues that she has not been unjustifiably resisting discovery, but rather, has been under a doctor's care for severe depression which resulted in extreme dysfunction and prevented her from attending her deposition.

In support of defendant's motion, defendant has submitted the affidavit of Dr. Sheldon B. Cohen.  Dr. Cohen is a doctor of psychiatry and licensed to practice medicine in the State of Georgia.  Dr. Cohen treated defendant Kathy Moskovitz on a recurring basis from July 3, 1989 through December 10, 1990.  Dr. Cohen stated that defendant's condition required intensive psychotherapy and antidepressant medication.  Dr. Cohen concluded that "[a]t the time that she was scheduled to attend a deposition in this case, I strongly recommended that she not be called on to testify."  Based on Dr. Cohen's affidavit, defendant argues that her medical condition

prevented her from attending her deposition.

Dr. Cohen's affidavit, however, does not state that defendant's medical condition required that she not attend her deposition. Said affidavit merely states that Dr. Cohen recommended she not testify. Nor does Dr. Cohen's affidavit provide any information about specific times during the year and a half he was treating defendant for major depression that her condition rendered her so dysfunctional as to be unable to provide a deposition. Plaintiffs attempted to take defendant's deposition on six different occasions. In addition, plaintiffs note that defendant did not raise her medical condition as an issue preventing the taking of her deposition until after the fourth scheduled deposition date. Nor has defendant's deposition been taken to date. Therefore, the court sees no reason in reconsidering its order granting default judgment because of defendant's repeated failure to comply with discovery and this court's prior orders. *See Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987); *Hashemi v. Campaigner Publications, Inc.,* 572 F.Supp. 331, 332 (N.D.Ga.1983), *aff'd,* 737 F.2d 1538 (11th Cir.1984); *Federal Rules of Civil Procedure* 37(d). Therefore, defendant Kathy Faer Moskovitz's motion for reconsideration [38–1] is hereby DENIED.

## II. MOTION TO TAX COSTS AND FEES

Plaintiffs seek an order taxing costs and fees on defendants, pursuant to this court's order of August 8, 1991 granting plaintiffs' motion for default judgment and awarding plaintiffs expenses and attorney's fees. Defendants object to the motion to tax costs and fees sought by plaintiffs, arguing that the time charged by plaintiffs' attorneys is excessive and the documentation supporting said time is without sufficient particularity to enable the court to determine accurately the appropriate fees and costs to be taxed.

### A. *Attorney's Fees*

The standard for determining appropriate attorney's fees to be taxed was set by the Eleventh Circuit Court of Appeals in *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). Adopting the lodestar analysis, the starting point of determining an attorney's fees estimate "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Norman,* 836 F.2d at 1299.

### 1. *Setting the Hourly Rate*

The fee application in this case is adequate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, expertise, and reputation." *Norman,* 836 F.2d at 1299. Based on the record evidence provided by the plaintiffs, it appears that the hourly rate sought by plaintiffs' counsel is the actual hourly rate charged to plaintiffs for the legal services rendered on their behalf. Therefore, the court accepts these hourly rates as the prevailing market rate, because it is assumed that plaintiffs and plaintiffs' counsel conducted an armslength transaction when determining the attorney's fees to be paid.

In reviewing plaintiffs' counsel's fee logs, it appears that plaintiffs' counsel billed one of its file clerks, Anthony J. Hall, at a higher rate for a file clerk than the rates listed in William J. Holley, II's affidavit supporting plaintiffs' fee request. Specifically, based on plaintiffs' counsel's January 16, 1991 fee log, it appears that Mr. Hall was billed at a rate of $40 per hour, whereas Mr. Holley stated that file clerks were billed at a rate of $25 to $35 per hour. The court believes that a rate of $25 per hour more accurately represents the prevailing market rate for file clerks. Based on the record evidence provided, it appears that Mr. Hall worked on plaintiffs' case for a total of nine hours. Therefore, plaintiffs' request for attorney's fees will be reduced by $135.00 (9 × $15.00/hr), this representing the apparent overbilling by plaintiffs' counsel.

## 2. *Hours Reasonably Expended*

■ The district court shall determine whether the hours charged are reasonable, excluding from the amount claimed any unreasonable or unnecessary hours charged. *Norman*, 836 F.2d at 1301. In particular, the court should deduct any redundant hours. *Id.* "Generalized statements that the time spent was reasonable or unreasonable, of course, are not particularly helpful and not entitled to much weight." *Id.* In particular, the objections and proof provided from the party opposing the fees sought must be reasonably precise to warrant exclusion. *Id.* This precision requirement is mirrored by the court, who also must be precise in excluding hours thought unreasonable or unnecessary. *Id.*

■ Here, plaintiffs' counsel has merely presented their general time logs in support of the hours expended and for which they are seeking reimbursement. No affidavits indicating the reasonableness of the hours expended were provided, and no summary breakdowns by attorney or topic area were provided. However, defendants' objections were no more detailed. Defendants cite no specific examples where they believe plaintiffs' counsel's work was unreasonable or redundant. Defendant merely notes that plaintiffs' counsel, represented by multiple attorneys, spent approximately 151 hours on this matter, and that "it is difficult to tell whether there was a duplicity of time by plaintiffs' counsel."

An independent review by the court shows five instances of apparent redundant effort on the part of plaintiffs' counsel. On December 7, 1989 both attorneys John G. Parker and Craig K. Pendergrast conducted a telephone conference with a Mr. R. Hart. As no reason is given by plaintiffs' counsel for having both attorneys attending said phone conference, plaintiffs' fee request will be reduced by $75.00, representing Mr. Pendergrast's hourly rate times the half hour spent at said phone conference. On June 12, 1990 it appears that both William J. Holley and Camille B. Frayne attended a settlement conference with M. Moskovitz. Said settlement conference lasted approximately three-fourths of an hour. As the court is unsure of the actual rate charged for Ms. Frayne, the court will reduce plaintiffs' fee request at Mr. Holley's rate. Thus, plaintiffs' fee request is reduced by $120.00 ($160.00 times 0.75/hr). On November 2, 1990 it appears that both William J. Holley and Patricia W. Stanton conducted a telephone conference with M. Moskovitz. Thus, the court will reduce plaintiffs' fee application by $45.00, one-half of Ms. Stanton's hourly rate. On November 19, 1990 both William J. Holley and Patricia W. Stanton conducted a telephone conference with M. Moskovitz. Plaintiffs' fee request is accordingly reduced by $45.00. On December 14, 1990 it appears that both William J. Holley and Patricia W. Stanton billed time for the preparation of exhibits in support of plaintiffs' motion for default judgment. As no reason is provided as to why both worked on the preparation of these exhibits, plaintiffs' fee application will be reduced by $90.00, representing one hour's work at Ms. Stanton's hourly rate.

The total reduction of plaintiffs' attorney fee request because of redundant charges is $375.00. Plaintiff will be permitted to recover the remainder of expenses listed in its bill. The rest of the hours expended seem reasonable, and these hours were actually billed to the client.

## 3. *Adjustments to the Lodestar*

The court finds that no adjustment to the lodestar is necessary. Plaintiffs' counsel already has been adequately compensated for the results obtained. Nor does the complexity of the issues involved warrant any additional modification to the lodestar.

## B. *Costs*

In its application for fees and costs, plaintiffs seek numerous costs as presented in their general billing records attached to plaintiffs' motion to tax costs and fees. Defendants have not objected to any of plaintiffs' requests for costs.

*Federal Rule of Civil Procedure* 54(d) provides "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." In the case *sub*

*judice* plaintiffs are clearly the prevailing party, having obtained a default judgment enforcing the terms of two separate guaranty agreements entered into between the plaintiffs and defendants.

■ However, Rule 54(d) does not give the district judge "unrestrained discretion to tax costs to reimburse the litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964). The Supreme Court has held that district courts are limited in the costs that may be reimbursed by the list of items set forth in 28 U.S.C. § 1920 and other related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). This policy was reasserted by the Supreme Court in the recent case of *West Virginia Univ. Hosp's, Inc. v. Casey*, which stated,

> In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), we held that these provisions define the full extent of the federal court's power to shift litigation costs absent express statutory authority to go further.... *Crawford* plainly requires as a prerequisite to reimbursement, the identification of "explicit statutory authorization."

—— U.S. ——, 111 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991). After *Crawford* and *Casey*, in order for a claimed expense to be reimbursed, the expense must be encompassed by § 1920 or some other specific statute. *Fulton Federal Savings & Loan Association of Atlanta v. American Insur. Co.*, 143 F.R.D. 292, 294–95 (N.D.Ga. 1991).

Appropriate costs that may be taxed pursuant to 28 U.S.C. § 1920 include:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *Casey*, 111 S.Ct. at 1140.

### 1. *Filing Fees*

■ Plaintiffs' bill of costs listed filing fees of $120.00 dated January 17, 1990. As filing fees are clearly recoverable pursuant to 28 U.S.C. § 1920, plaintiffs are entitled to recover these costs.

### 2. *Long Distance Phone Charges*

■ Plaintiffs' bill of costs seeks $189.27 for long distance phone charges. Because 28 U.S.C. § 1920 does not provide for the recovery of long distance phone charges, these costs are disallowed. *Avirgan v. Hull*, 705 F.Supp. 1544, 1546–47 (S.D.Fla. 1989).

### 3. *Telex/Telecopier/Telegrams*

Plaintiffs' bill of costs seeks $146.68 in telecopying charges. The court disallows plaintiffs' telex/telecopying/telegram cost request because such costs are not provided for pursuant to § 1920. *Id.*

### 4. *Posted/Express Mail*

Plaintiffs seek $2.40 for postage dated June 16, 1990. Because postage and express mail costs are not provided for in § 1920, such costs are disallowed. *Id.*

### 5. *Messenger Service*

Plaintiffs' bill of costs seeks $367.73 for messenger service expenses. Section 1920 does not provide for the recovery of messenger service expenses. Therefore, plaintiffs' requests to recover said costs are disallowed. *Id.*

### 6. *Courier Service*

Plaintiffs seek $222.01 in courier service costs. Because § 1920 does not provide for the recovery of courier service costs, such costs are disallowed. *Id.*

#### 7. *Word Processing*

Plaintiffs' bill of costs seeks $562.50 for word processing charges. Plaintiffs' requests for word processing charges are disallowed because § 1920 does not provide for the recovery of these costs. *Id.*

#### 8. *Secretary Overtime Charges*

Plaintiffs seek $22.50 for overtime charges dated January 17, 1990. Because section 1920 does not provide for the recovery of secretary overtime charges, these charges are disallowed. *Id.* Overtime charges are properly considered part of overhead.

#### 9. *Photocopies*

Plaintiffs' bill of costs lists $1,041.34 as recoverable photocopy charges. Plaintiffs' July 13, 1990 request includes an entry for $237.60 which is listed as photocopy charges, and an entry of $2.50 which is listed as copies of documents. The court considers these entries to be the same because plaintiffs have provided no information that would dictate otherwise.

| Date | Cost |
|------|------|
| 4/11/91 | $ 19.75 |
| 2/21/91 | 30.75 |
| 1/16/91 | 109.75 |
| 12/14/90 | 98.50 |
| 11/8/90 | 30.25 |
| 7/13/90 | 2.50 |
| 7/13/90 | 237.60 |
| 6/15/90 | 215.38 |
| 4/13/90 | 23.10 |
| 3/13/90 | 24.34 |
| 2/14/90 | 36.96 |
| 1/17/90 | 185.46 |
| TOTAL | $1,014.34 |

■ Section 1920 provides for the recovery of photocopy costs in certain circumstances. The party seeking the recovery of such costs must show that the copies were necessary and provided either to the court or the opposing party. This court recently stated the standard for recovering photocopy costs, stating:

A prevailing party may be reimbursed for the cost of photocopying attributable to discovery if the charges are for "copies of pleadings, correspondence, and other documents tendered to the [opposing party]." *Fressell v. AT & T Technolo-*

*gies, Inc.,* 103 F.R.D. 111, 115 (N.D.Ga. 1984). Charges for copies of exhibits and documents filed in support of motions, as well as copies of pleadings, memorandums and motions themselves, are also recoverable. *Id.* at 116. However, charges for copies of original documents possessed by the prevailing party are not taxable. *American Key Corp. v. Cumberland Associates,* 102 F.R.D. 496–99 (N.D.Ga.1984). Charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable. *Fressell,* 103 F.R.D. at 116.

*Fulton Federal Savings & Loan Association of Atlanta v. American Insur. Co.,* 143 F.R.D. 292, 300 (N.D.Ga.1991). The party seeking to recover photocopy costs must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case. *Id.* Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery. *Id.* Without appropriate record evidence, the court may disallow such costs. *Id.* (Citing *American Key Corp.,* 102 F.R.D. at 499).

■ Plaintiffs have provided no information regarding the purpose or use of any of the photocopies made which plaintiffs seek to recover as costs. Therefore, these costs are disallowed. However, plaintiffs may renew their request to recover these costs by filing a supplemental bill of costs which provides information as to what types of documents were copied, who was in possession of the originals of these documents, what the purpose of copying these documents was, and why these copies were necessary for use in the case.

#### 10. *Outside Printing*

■ Plaintiffs' bill of costs seeks $2.00 for outside printing, dated November 8, 1990. Section 1920 permits the recovery of costs for fees and disbursements for printing. Thus, plaintiffs are entitled to recover these costs.

## 11. *Deposition Costs*

Plaintiffs' bill of costs lists $298.20 in costs for the deposition of M. Moskovitz, dated July 13, 1990; and $25.00 for the failure to cancel the taking of a deposition in time, dated November 8, 1990.

Pursuant to § 1920, deposition expenses may be recovered if the deposition was "necessarily obtained for the use in the case." *Fulton Federal*, Civil Action No. 1:86–CV–0107–JOF, slip op. at 8 (quoting *United States v. Kolesar*, 313 F.2d 835 (5th Cir.1963)). "[The] deposition need not be used at trial but must appear reasonably necessary at the time it is taken." *Id.* (citing *Allen v. United States Steel Corp.*, 665 F.2d 689 (11th Cir.1982); *O'Donnell v. Georgia Osteopathic Hospital, Inc.*, 99 F.R.D. 578, 581 (N.D.Ga.1983)). However, where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable. *Id.* at 8–9. Nor are expenses for copies of deposition recoverable if taken by the prevailing party. *Id.* at 9 (citing *Jamison v. Cooper*, 111 F.R.D. 350, 351 (N.D.Ga.1986); *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 995). Deposition copying expenses are recoverable, however, when filed with the court at the opposing party's request "rather than in support of its own motion or presentation of the case." *Id.* Such copying charges are also "taxable if the deposition is used extensively in preparation for and at trial." *Id.* The cost of obtaining a copy of a deposition taken by an opposing party is taxable. *Id.* (citing *United States v. Kolesar*, 313 F.2d 835; *Jeffries, Georgia Residential Finance Authority*, 90 F.R.D. 62, 64 (D.C.Ga.1981)).

Because the court finds that the deposition of M. Moskovitz was properly taken within the bounds of discovery and, therefore, "necessarily obtained for use in the case," the court finds this cost recoverable. Furthermore, given defendants' repeated failure to show up for the taking of their depositions, plaintiffs will be able to recover the $25.00 cost for failure to cancel the taking of a deposition in time.

## 12. *Electronic Research (CALR)*

Plaintiffs' bill of costs seeks $669.46 for LEXIS legal research. Because § 1920 does not provide for the recovery of electronic research, these costs are disallowed. *Avirgan*, 705 F.Supp. at 1546–47. Some courts have held that, "[w]hile computer assisted legal research fees are not taxable as costs, they may be 'considered as expenses incident to attorney's fees.'" *Essenburg v. Reub Williams & Sons, Inc.*, Civil Action No. S85–679, slip op. at 9, WL 8534 (N.D.Ind. March 18, 1987) (citing *EEOC v. Sears, Roebuck & Co.*, 111 F.R.D. 385, 394 (N.D.Ill.1986)); *Fressell v. AT & T Technologies, Inc.*, 103 F.R.D. at 112–15 (holding that LEXIS fees are not taxable as costs, but reserving ruling on whether such fees are recoverable as attorney's fees); *Friedlander v. Nims*, 583 F.Supp. 1087, 1088–89 (N.D.Ga.1984) (CALR fees are not recoverable as costs and are more properly considered as a component of attorney's fees).

Computer assisted legal research, like a number of the other items that have been disallowed, have traditionally been covered in office overhead. This court cannot recall ever seeing a lawyer endeavor to bill for the use of the firm library. With the advent of CALR, the court knows that some firms started billing for the use of the legal research tool. The court also knows that some clients insist on keeping the hourly rate down but are more lenient about being billed for various out-of-pocket expenses. The law has not, however, kept pace with the change. A partial remedy where attorney's fees may be awarded is for lawyers, in their applications, to prove prevailing hourly rates charged by lawyers whose fees are inclusive of items traditionally thought to be a part of overhead. Here, the court will disallow the recovery of computer research fees.

## III. CONCLUSION

Thus, defendant Kathy Faer Moskovitz's motion for reconsideration of this court's order granting default judgment on behalf of the plaintiffs [38–1] is hereby DENIED.

Plaintiffs' Moderncare, Inc. and Corsair Asset Management, Inc.'s motion to tax costs and fees [39–1] is hereby GRANTED. Plaintiffs are awarded $16,382.30 in attorney's fees (recoverable fees include the total fees sought of $16,962.50, less $135.00 in overcharges, and less $375.00 in redundant fees charged), and $445.20 in costs (recoverable costs include $120.00 in filing fees; $2.00 in outside printing; and $323.20 in deposition fees), for a total award of $16,827.50.

SO ORDERED.