**William O. BREITENBACH, Plaintiff,**

v.

**NEIMAN MARCUS GROUP, INC., Defendant.**

No. CIV.A. 1:96–CV–2195–RWS.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 20, 1998.

Andrew N. Gross—Counsel for Plaintiff, Gary Stuart King, Scott Richard King, Slater, King & Gross, Atlanta.

Deborah A. Sudbury—Counsel for Defendant, Lisa M. Braxton, Jones, Day, Reavis & Pogue, Atlanta.

### ORDER

STORY, District Judge.

■ This case is before the court for consideration of the Brief in Opposition to Defendant's Bill of Costs [39–1]. Summary judgment was granted to Defendant by an order entered on June 9, 1998. On July 10, 1998, the Clerk taxed costs of $18,502.11 against Plaintiff. Federal Rule of Civil Procedure 54(d)(1) provides that on motion served within 5 days after the clerk taxes costs, costs may be reviewed by the court. Plaintiff's objections were due July 17, 1998. Plaintiff filed his brief in opposition to the bill of costs on July 24, 1998. "Plaintiff's motion is therefore untimely and could be denied on that basis. However, the timeliness requirement is not jurisdictional, and the court may in its discretion consider the tardy motion pursuant to Rule 6(b), Fed. R.Civ.P. The court will therefore consider the plaintiff's motion." *American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496 (N.D.Ga.1984).

### 1. Deposition Transcripts and Copies

This suit was one of three companion employment discrimination suits brought against Defendant. The other two suits were *Muriel Gold v. The Neiman–Marcus Group, Inc.*, 111:96–CV–2197–RWS, which was settled with the parties agreeing to bear their own costs, and *Paul Strickland v. The Neiman–Marcus Group, Inc.*, 1:96–CV–2196–FMH, which was dismissed by Plaintiff without prejudice. The Bill of Costs filed by Defendant included charges for deposition costs, witness attendance fees, photocopying expenses, computerized research costs, service fees (referred to by Defendant as docket fees, filing fees, and marshal fees), and other

miscellaneous fees. The court will address those charges to which Plaintiff has raised an objection.

### 1. Deposition Costs

■ Plaintiff objects to Defendant's claim for costs associated with the taking of depositions. Plaintiff objects to the taxing of costs for the deposition of Matthew Bridgeman because his testimony was not related to this case. However, the cost of Mr. Bridgeman's deposition was not included in the Bill of Costs. Therefore, Plaintiff's objection to the taxing of costs for the deposition of Matthew Bridgeman is **OVERRULED**.

■ Plaintiff also objects to the taxing of costs for the deposition of Lynn Halpern. Plaintiff contends that Ms. Halpern was a customer of Muriel Gold and that Ms. Halpern's deposition was taken only in connection with Ms. Gold's case. Defendant has not refuted this contention in his response. Therefore, Plaintiff's objection to the taxing of costs for the deposition of Lynn Halpern is **SUSTAINED**, and the Bill of Costs shall be reduced by $162.05.

Plaintiff claims that the remaining depositions were taken for use in all three of the companion cases. He contends that the entire cost of these depositions should not be assessed against him, but that the costs of these depositions should be shared among the three cases. Plaintiff apparently does not contest that these depositions were necessarily obtained for use in the case, but simply urges that only one-third of the costs be taxed against him.

■ Defendant points out that Plaintiff has cited no authority which supports his position that these costs should be shared *pro rata* among the three cases. On the other hand, Defendant cites *Ortega v. IBP, Inc.*, 883 F.Supp. 558 (D.Kan.1995), an employment case in which the court did not reduce the deposition costs taxed against the defendant because the depositions in the case were also used in a companion case. "Fed. R.Civ.P. 54(d) states that costs are 'allowed as of course' to the prevailing party. Based on this language and the procedure whereby the Clerk of Court is authorized to tax costs administratively and without Court approval, the Court finds that there exists a presumption that the prevailing party will receive costs." *Desisto College, Inc. v. Town of Howey–in–the–Hills*, 718 F.Supp. 906, 910 (M.D.Fla.1989), *aff'd* 914 F.2d 267 (11th Cir. 1990). The depositions in issue were admittedly necessarily obtained for use in this case, regardless of whether they may also have been useful in the companion cases. Therefore, Defendant is entitled to recover the full costs of these depositions, and Plaintiff's objection to costs for the remaining depositions is **OVERRULED**.

### 2. Photocopying Expenses

Defendant claims it is entitled to recover the costs of reproducing relevant documents and exhibits for use in the case. Defendant submitted with its Bill of Costs an itemized statement showing the documents copied, the number of copies, and the costs of copies. Plaintiff argues that Defendant failed to itemize the photocopy charges with sufficient specificity. Further, Plaintiff contends that Defendant seeks to charge for services not properly included as photocopying.

> A prevailing party may be reimbursed for the cost of photocopying attributable to discovery if the charges are for copies of pleadings, correspondence, and other documents tendered to the opposing party. Charges for copies of exhibits and documents filed in support of motions, as well as copies of pleadings, memorandums and motions themselves, are also recoverable. However, charges for copies of original documents possessed by the prevailing party are not taxable. Charges for extra copies and for documents prepared for convenience, preparation, research, or for records of counsel are not taxable. The party seeking to recover photocopy costs must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case. Simply making unsub-

stantiated claims that such documents were necessary is insufficient to permit recovery. Without appropriate record evidence, the court may disallow such costs. *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 352 (N.D.Ga.1992) (citations and quotations omitted).

▮ Having reviewed the statement attached to Defendant's Bill of Costs, the court finds that the documents for which Defendant seeks to recover costs are appropriate. However, the court finds that the number of copies and the charges for the same are exorbitant. When one calculates the number of pages in each of these documents and the number of copies Defendant was required to provide, the number of copies and charges submitted by Defendant can not be substantiated. The court finds that Defendant is entitled to recover $377.40 for the copies required for the various pleadings and motions listed in Itemization of Costs Included in Defendant's Bill of Costs [38–1], at III A. 1, 3, 4, and 5.

▮ As to the claim for copies associated with the production of documents and the motion listed at III A. 2 of the Itemization of Costs, Defendant has stated the nature of the documents produced, the number of copies, and the costs. Unlike the costs requested for the other motions and pleadings, the court is unable to discredit the accuracy of this charge from the record. Plaintiff has knowledge as to the documents produced to him during discovery. Yet, he offered no information refuting the accuracy of these figures and simply asserts that Defendant has "failed to satisfy the statutory requirements." Defendant's statement regarding these costs does satisfy the statutory requirements, and it is unrefuted in the record. Therefore, Defendant is entitled to recover $5012.28 for costs associated with the production of documents to Plaintiff and the motion to compel.

▮ Plaintiff has made no specific objections to the costs for copies obtained from third parties. The Court finds that Defendant is entitled to recover these costs in the amount of $185.80. *Helms v. Wal–Mart Stores, Inc.,* 808 F.Supp. 1568, 1570–71 (N.D.Ga.1992), *aff'd* 998 F.2d 1023 (11th Cir. 1993).

Based on the foregoing, Plaintiff's objection to photocopying costs is **OVERRULED IN PART and SUSTAINED IN PART,** and the court finds that Defendant is entitled to recover the sum of $5,575.48 for photocopying costs rather than $9,363.43, as requested. The Bill of Costs shall be reduced by $3,787.95.

### 3. Computerized Research Costs

▮ Defendant seeks to recover costs for the use of computerized research services. Recovery of such cost is not included in the list of items for which costs can be taxed. 28 U.S.C. § 1920. Recent decisions of the United States District Court for the Northern District of Georgia have consistently held that legal research costs cannot be recovered as costs under § 1920. *Brewer–Giorgio v. Bergman,* 985 F.Supp. 1478, 1486 (N.D.Ga. 1997); *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D.Ga. 1992); *Fressell v. AT & T Technologies, Inc.,* 103 F.R.D. 111, 113–15 (N.D.Ga.1984); *Friedlander v. Nims,* 583 F.Supp. 1087, 1089 (N.D.Ga.1984). The court finds that Defendant is not entitled to recover computer research costs. Therefore, Plaintiff's objection to the taxing of costs for computerized research costs is **SUSTAINED,** and the Bill of Costs shall be reduced by $4,379.54.

### 4. Service Fees

▮ Defendant claims it is entitled to recover charges associated with service of subpoenas. Plaintiff contends that Defendant failed to substantiate or itemize these costs. On the contrary, Defendant did itemize the expenses in the original Bill of Costs and has supplied supporting documentation with Defendant's Reply Brief.

The more critical issue in connection with this charge is whether the court is authorized to assess charges for service of subpoenas as costs. Defendant cites 28 U.S.C. §§ 1920(1), (5) as authority for such an assessment.

These sections provide that the court may tax as costs "(1) Fees of the clerk and marshal; ... (5) Docket fees under section 1923 of this title." Fees paid to an unnamed party[1] to effect service of subpoenas does not appear to be clearly included in these terms. Defendant relies on *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 & n. 2 (11th Cir.1985), which approved assessing as costs the charges for service of subpoenas. However, the holding in *Loughan* has been called into doubt by *Goodwall Construction Co. v. Beers Construction Co.*, 824 F.Supp. 1044 (N.D.Ga.1992), *aff'd* 991 F.2d 751 (Fed.Cir.1993). In *Goodwall,* the court pointed out that *Loughan* was decided before *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) and *West Virginia Univ. Hospitals, Inc. v. Casey,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). In *Crawford,* the Court found that in the context of witness fees, a district court does not have discretion to go outside the specific wording of the costs statute, stating: "We hold that absent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witness as costs federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.*, 482 U.S. at 445, 107 S.Ct. at 2499. This policy was reaffirmed in *West Virginia Univ. Hospitals, Inc.* where the Court stated: "In *Crawford Fitting,* we held that these provisions [28 U.S.C. § 1920 and other related statutes] define the full extent of the federal court's power to shift litigation costs absent express statutory authority to go further.... *Crawford Fitting* plainly requires as a prerequisite to reimbursement, the identification of 'explicit statutory authorization.' " *Id.*, 499 U.S. at 86–87, 111 S.Ct. at 1141.

In *Desisto College, Inc.*, the court declined to assess costs for service of subpoenas because the language of 28 U.S.C. § 1920 does not specifically authorize recovery of these costs.

The court agrees with this conclusion. The plain language of 28 U.S.C. § 1920 does not provide for recovery of service fees in this instance. Therefore, Plaintiff's objection to assessment of costs for service of subpoenas is **SUSTAINED**, and the Bill of Costs shall be reduced by $366.57.

### 5. Other Costs

██ Defendant seeks to recover costs for long distance phone charges, Federal Express/Overnight Delivery Service, messenger/courier services, and postage charges. Because these costs are not provided for in 28 U.S.C. § 1920, such costs are disallowed. *Corsair,* at 351. Therefore, Plaintiff's objections to these costs are **SUSTAINED**, and the Bill of Costs shall be reduced by $805.27.

### CONCLUSION

Based on the foregoing, Plaintiff's objections to costs [39–1] are SUSTAINED IN PART and OVERRULED IN PART. Accordingly, the Clerk of Court is directed to issue an amended Bill of Costs as follows:

| | |
|---|---|
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $3,345.25 |
| Fees for witnesses[2] | 80.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 5,575.48 |
| TOTAL | $9,000.73 |

---

1. Apparently, the Marshals did not provide service.

2. Plaintiff did not object to this request.